John W. BIRON, Plaintiff-Appellant,

v.

Patricia Roberts HARRIS, Secretary of Health, Education and Welfare, Defendant-Appellee.

No. 80–1510.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 9, 1981.

Decided Jan. 15, 1982.

Rehearing Denied Feb. 18, 1982.

Randolph McCarthy, Jr., Kenneth Kobayashi, Kalamazoo, Mich., for plaintiff-appellant.

James S. Brady, U. S. Atty., Robert C. Greene, Asst. U. S. Atty., Grand Rapids, Mich., Randolph W. Gaines, Chief of Litigation, Andrew E. Wakshul, Atty., Dept. of Health, Ed. and Welfare, Baltimore, Md., Thomas Gezon, Washington, D. C., for defendant-appellee.

Before KENNEDY and MARTIN, Circuit Judges; and CECIL, Senior Circuit Judge.

PER CURIAM.

In this Social Security action plaintiff-appellant Biron seeks reversal of the District Court's order granting the motion to dismiss of the defendant-appellee, Secretary of Health, Education and Welfare, for failing to file his action with the court in a timely manner. We here affirm that order, finding that this court is without power to waive the filing limitation missed by the plaintiff and furthermore finding that the Secretary did not waive the limitation by her consideration of additional materials submitted by the plaintiff after the final administrative decision denying Social Security benefits. The relevant facts of this case are these.

Following a negative determination of his claim for disability benefits, the plaintiff was given a hearing with respect thereto before an administrative law judge. A hearing decision, adverse to the plaintiff, was rendered on September 29, 1977, and a request was made that the decision be reviewed by the Appeals Council. On November 22, 1977, notice of that body's determination was sent to the plaintiff stating its conclusion that the hearing decision was correct and stood as the final decision of the Secretary. This letter further stated that a court review of the hearing decision could be obtained by commencing a civil action within sixty days. Plaintiff did not file suit, however, until May 26, 1978.

Plaintiff, nevertheless, insists that this action was filed in a timely manner. He bases this conclusion on a series of letters exchanged by the parties. In two letters, dated November 7, 1977, and November 10, 1977, the plaintiff sought to bring before the Appeals Council certain additional medical evidence relating to his claim for disability benefits. Although the letters were mailed before its November 22 decision, the evidence was apparently not considered by the Appeals Council in making its determination. The Appeals Council wrote to the plaintiff on January 25, 1978, and acknowledged receipt of the medical evidence submitted in November. The letter stated that such evidence "does not warrant a change in the administrative law judge's determination of September 29, 1977 which stands as the final decision of the Secretary."

On January 13, 1978, plaintiff also submitted the depositions of two physicians as additional evidence in support of plaintiff's claim for disability benefits. When no response was forthcoming, plaintiff wrote to the Appeals Council on April 26, 1978 to inquire whether the depositions would be considered. In a letter dated on May 9, 1978, the Appeals Council stated that the additional evidence "does not warrant a change in the administrative law judge's decision of September 29, 1977 which stands as the final decision of the Secretary." On May 25, 1978, plaintiff filed this action.

Contrary to plaintiff's assertions, judicial review of agency action under the

Social Security Act is governed by 42 U.S.C. § 405 and not the Administrative Procedure Act, 5 U.S.C. §§ 701–706. *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). Section 405 provides that actions appealing the denial of benefits must be brought in District Court within sixty days of the final administrative decision. Plaintiff contends that the letter of May 9, 1978 constituted the Secretary's final decision and that the sixty-day period should have been from that date. In the alternative, he contends the Secretary's actions implicitly extended the filing deadline.

■ Plaintiff's first argument is resolved by *Whipp v. Weinberger,* 505 F.2d 800 (6th Cir. 1974) (per curiam). There this court held that the time limitations of section 405 are jurisdictional and cannot be waived. The Appeals Council at all times maintained that its ruling of November 22 was its final administrative decision. Finding that contention to be well founded and in good faith we believe that plaintiff's action was not filed in time. As in *Whipp* we note here that under the Social Security regulations plaintiff still has an opportunity to seek an extension of time. 20 C.F.R. § 404.954. The District Court suggested that such an extension be sought, and we feel the advice is well given.

■ The second argument is also without merit. As noted above, the Appeals Council was at all times firm in its statement that the November 22 decision was to be considered the final one. At no time did plaintiff seek an extension. Furthermore, unlike the cases cited by plaintiff, here the Secretary, through the Council, never requested that additional evidence be submitted. *See Funderburk v. Califano,* 432 F.Supp. 657 (W.D.N.C.1977); *Sipple v. Califano,* 455 F.Supp. 528 (S.D.W.Va.1978). Therefore, consideration of the additional evidence constituted neither a later final decision nor an implicit extension of the

* This appeal was originally decided by unreported order on December 10, 1981. See Circuit

filing limitation. Hence the order of the District Court is affirmed.