Richard FRIDDLE, Appellant,

v.

Margaret HECKLER, Secretary of
Health and Human
Services, Appellee.

No. 83–1811.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 2, 1983.

Decided Nov. 7, 1983.

David L. Rush, Walters & Rush, Greenwood, Ark., R.H. "Buddy" Hixson, Hixson,

Cleveland & Rush, Paris, Ark., for appellant.

J. Paul McGrath, Asst. Atty. Gen., Washington, D.C., W. Asa Hutchinson, U.S. Atty., Mark W. Webb, Asst. U.S. Atty., Fort Smith, Ark., Joseph S. Friedman, Trial Atty., Social Security Div., Dept. of Health and Human Services, Baltimore, Md., for appellee.

Before HEANEY, BRIGHT and McMILLIAN, Circuit Judges.

PER CURIAM.

Richard Friddle appeals from an order of the District Court [1] for the Western District of Arkansas dismissing his complaint seeking review of a final decision of the Secretary of Health and Human Services (the Secretary) terminating his disability benefits. The district court dismissed the complaint because it had not been filed within the sixty-day period provided for in 42 U.S.C. § 405(g). For reversal Friddle argues that the Secretary extended the statutory filing period when she considered additional medical evidence submitted by Friddle after the final administrative decision by the Appeals Council. For the reasons discussed below, we affirm.

By letter and decision dated April 20, 1982, the Appeals Council notified Friddle that he was no longer entitled to supplemental security income (SSI) disability benefits.[2] The letter stated that if Friddle desired judicial review of the decision he must file suit in federal district court within sixty days of his receipt of the letter and that receipt of the letter would be presumed to be within five days of the date of the letter. See 20 C.F.R. § 422.210(c). On May 4, 1982, Friddle submitted additional medical evidence to the Appeals Council. By letter dated June 22, 1982, the Appeals Council acknowledged receipt and consideration of the evidence but informed Friddle that the evidence did not provide a basis for vacating its previous decision. The letter concluded by stating, "Accordingly, the de-

1. The Honorable H. Franklin Waters, Chief Judge, United States District Court for the Western District of Arkansas.

2. Judicial review of SSI benefits is subject to the provisions of 42 U.S.C. § 405(g). 42 U.S.C. § 1383(c)(3).

cision dated April 20, 1982, stands as the final decision of the Secretary."

On July 8, 1982, Friddle filed his complaint in district court seeking review of the Secretary's final. decision. Friddle alleged that the final decision occurred on June 22, 1982. The Secretary filed a motion to dismiss the complaint, alleging that the final decision occurred on April 20, 1982, and that Friddle's complaint was therefore untimely.

The Social Security Act provides in pertinent part that "[a]ny individual, after any final decision of the Secretary. ... may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow." 42 U.S.C. § 405(g). The social security regulations provide that the Secretary may extend the time for filing of a suit seeking review if a claimant makes a written request with the Appeals Council stating the reasons for failure to file within the statutory period. 20 C.F.R. § 416.1482. If good cause has been shown, the Appeals Council will extend the time period. *Id. See* 20 C.F.R. § 416.1411 (factors considered in good cause determination).

In this case, Friddle argues that when the Appeals Council considered the additional evidence he had submitted, the Council in effect granted him an extension of time in which to file his complaint. Friddle relies on *Funderburk v. Califano,* 432 F.Supp. 657 (W.D.N.C.1977). In *Funderburk* the district court held that the Secretary had waived the sixty-day filing period when the Appeals Council invited a claimant to submit additional information *Id.* at 659.

In *Biron v. Harris,* 668 F.2d 259 (6th Cir.1982) (per curiam), a disability claimant presented an almost identical argument. The Sixth Circuit rejected the argument, noting that *Funderburk* was distinguishable because there the Appeals Council had requested the additional information. In addition, the court noted the claimant had not sought an extension of time from the Ap-

peals Council and that the Appeals Council's letter acknowledging receipt and consideration of the claimant's evidence stated that the prior decision was the final decision of the Secretary. Such is also the case here. We agree with the Sixth Circuit that the Secretary's "consideration of the additional evidence constituted neither a later final decision nor an implicit extension of the filing limitation." *Id.* at 261.

Therefore, the district court did not err in dismissing Friddle's complaint. We note, however, that in her brief the Secretary has invited Friddle to reapply for benefits.[3] In addition, we note that in *Biron v. Harris,* the court suggested that under the predecessor regulation to 20 C.F.R. § 416.1482 the claimant still had the opportunity to seek an extension of time from the Appeals Council to refile his court action. 668 F.2d at 261.

Accordingly, the order of the district court is affirmed.

---

**3.** In *Gipson v. Harris,* 633 F.2d 120, 122 n. 2 (8th Cir.1980), we stated that "the Secretary's solicitation of a new application, in our view, constitutes [a] promise that the defenses of res

judicata and collateral estoppel ... will not be asserted against [the claimant] should [the claimant] file a new claim for ... benefits."