Lula B. TRIPLETT, Plaintiff-Appellant,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Defendant-Appellee.

No. 85–4101

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Aug. 5, 1985.

Rehearing and Rehearing En Banc Denied Sept. 19, 1985.

Weir & Booker, Laurel G. Weir, Thomas L. Booker, Philadelphia, Miss., for plaintiff-appellant.

Thomas W. Dawson, Asst. U.S. Atty., Oxford, Miss., for defendant-appellee.

Before WILLIAMS, JOLLY and HILL, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

Appellant Lula B. Triplett challenges the dismissal of her action seeking review of the decision by appellee Secretary of Health and Human Services to deny her application for disability benefits pursuant to the Social Security Act. Agreeing with the district court that Triplett waited too long before filing suit, we affirm.

## I.

Only the procedural history of the case bears upon our decision. On May 27, 1982, after conducting a hearing, an administrative law judge found Triplett ineligible to receive disability benefits. Triplett then petitioned the Social Security Appeals Council for discretionary review. In a letter of October 20, 1982, the Council declined the request. The Council stated that it had found "no basis under the [applicable] regulations for granting the request for review. Accordingly, your request is denied and the hearing decision [of May 27] stands as the final decision of the Secretary in your case." The letter also advised Triplett that she could obtain judicial review by commencing an action in the appropriate district court within sixty-five days of the Council's disposition.

Triplett persisted in pursuing an administrative determination of eligibility. Shortly after October 20, she submitted to the Council a medical report that she had not previously put into the administrative record. The Council responded by posting another letter on November 18. In it, the Council explained that the new report did not affect its decision of October 20:

The information contained in Dr. Wilson's report is essentially the same as that contained in his earlier reports which were entered into the record at your hearing as Exhibits C–13 and C–14. Dr. Wilson's current report, thus, contains no new and medical [sic] information that was not considered by the administrative law judge in the hearing decision.

In view of the above, the Appeals Council has decided that there is no basis for vacating its previous action. Accordingly, the decision dated May 27, 1982, stands as the final decision of the Secretary.

The letter did not indicate that it embodied the Secretary's final decision, but neither did it state that the Council had "reopened" Triplett's case or that the Council had extended the time in which Triplett could seek judicial review.

Triplett brought this action on January 6, 1983, almost eighty days after October 20 but within sixty-five days of November 18. The Secretary moved for dismissal, asserting that Triplett's dilatoriness in filing suit deprived the district court of subject matter jurisdiction. See Fed.R.Civ.P. 12(b)(1). The court referred the matter to a magistrate, who recommended granting the motion, and the court adopted his findings and conclusions as its own. In a separate opinion, the court reasoned that section 205(g) of the Social Security Act and the Secretary's regulations required Triplett to seek judicial review no more than sixty-five days after the Secretary's "final decision". The court then found as a fact that the Council's letter of October 20, rather than the one dated November 18, constituted the final decision of the Secretary. The court additionally found that the Secretary had not reopened Triplett's case or granted her an extension of time in which to sue. It concluded that Triplett had tardily filed the action and that its consequent lack of jurisdiction mandated dismissal. Triplett appeals.

## II.

■ Although the district court applied Rule 12(b)(1), Rule 56(c) governs the standard of review in this case. The timeliness requirement of section 205(g) represents a statute of limitation rather than a bar to jurisdiction.[1] The Secretary's motion to

---

1. In *Mathews v. Eldridge,* 424 U.S. 319, 328 n. 9, 96 S.Ct. 893, 899 n. 9, 47 L.Ed.2d 18 (1976), and

dismiss thus invoked Rule 12(b)(6), not Rule 12(b)(1), *see Watts v. Graves,* 720 F.2d 1416, 1423 (5th Cir.1983) (per curiam), and the court erred in not following the procedures that Rule 12(b) requires in such a case. In particular, because the court considered material outside the pleadings in deciding the motion, "it should have converted the Rule 12(b)(6) motion for dismissal into a Rule 56 motion for summary judgment and observed the procedural requirements that Rules 12(b) and 56 prescribe." *Auster Oil & Gas v. Stream,* 764 F.2d 381, 390 n. 9 (5th Cir.1985). Accordingly, although the parties have waived any objection to the court's manner of proceeding by failing to raise the question before us or below, *id.,* we must scrutinize the record to determine whether it raises a genuine issue of material fact regarding the limitation bar, *id.;* Fed.R.Civ.P. 56(c).[2]

### III.

■ Before turning to the merits, we must address Triplett's motion to supplement the record on appeal with an affidavit that she claims establishes grounds for reversal. The affidavit states that Triplett telephoned the office of the Appeals Council on several occasions between October 7 and November 22, 1982, and that in each call she received information regarding the status of her case from the person in charge of her records. On November 2, the affidavit asserts, the person told Triplett "that an extension [of time in which to sue] would be granted for her to send in additional medical information and the case was reopened and that it was not necessary

that she file suit or appeal at that time." In a conversation of November 8, the recordskeeper again advised Triplett "that her case was re-opened", and on November 22, after Triplett had received the Council's second letter, the same person informed her that she could file suit within sixty-five days after the Council's decision of November 18. The affidavit also states that Triplett relied on the information by waiting to file suit until January 6, 1983. A copy of Triplett's telephone bill accompanies the affidavit, and it corroborates the placing of the calls.

We deny Triplett's motion to supplement the record. As we determine, *infra,* inclusion of the affidavit in the record would not affect our holding that section 205(g) bars Triplett's suit.

### IV.

The Social Security Act and the Secretary's regulations together create an orderly scheme for seeking relief from an adverse "final decision" on a claim for disability benefits. Section 205(g) of the Act permits judicial review of a "final decision of the Secretary made after a hearing", and it requires any individual seeking court review to file suit "within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow." The regulations implement the Secretary's authority to permit "further time" by prescribing a sixty-five day limitation period, which presumptively allows an extra five days to take account of the time generally necessary for postal delivery of notice of the Secretary's decision.

*Weinberger v. Salfi,* 422 U.S. 749, 764, 95 S.Ct. 2457, 2466, 45 L.Ed.2d 522 (1975), the Court stated that section 205(g) specifies a statute of limitation and that, accordingly, the parties may waive compliance with it. *See Rowland v. Califano,* 588 F.2d 449, 450 & n. 2 (5th Cir.1979) (per curiam) (reversing dismissal because district court did not consider *Eldridge* and *Salfi* ); *accord Dep't of Health & Human Serv.,* 740 F.2d 891, 891–92 (11th Cir.1984) (per curiam); *Lopez v. Heckler,* 725 F.2d 1489, 1505 (9th Cir.), *vacated and remanded,* —— U.S. ——, 105 S.Ct. 583, 83 L.Ed.2d 694 (1984). *Contra Hunt v. Schweiker,* 685 F.2d 121, 123 (4th Cir.1982) ("We hold that the 60-day requirement for bringing an

action under § 205(g) of the Social Security Act is jurisdictional, not a statute of limitations."); *Biron v. Harris,* 668 F.2d 259, 261 (6th Cir.1982) (per curiam); *cf. Friddle v. Heckler,* 720 F.2d 24, 25 (8th Cir.1983) (per curiam) (citing *Biron* in affirming dismissal).

**2.** We note that Fed.R.Civ.P. 42(b) gives district courts discretion to order a separate trial on limitations issues where doing so "will be conducive to expedition and economy". *See Braun v. Berenson,* 432 F.2d 538, 543 (5th Cir.1970) (finding no abuse of discretion in court's "ordering a separate trial on the limitations issue").

20 C.F.R. § 422.210(c) (1984); *id.* § 404.981. The regulations also provide that the Secretary will extend the limitation period for a claimant who fails timely to bring suit where the claimant demonstrates "good cause", in writing, for his delay. *Id.* § 404.982. Other provisions authorize additional administrative consideration of a claim despite the claimant's failure timely to invoke the usual judicial and administrative review processes. Sections 404.987 through 404.995 thus set out a procedure by which the Secretary may "reopen and revise" her decision after the time for obtaining direct review expires.

Triplett concedes that she brought the action late if we agree with the district court that the Council's letter of October 20 represented the final decision of the Secretary. She argues, however, that the Secretary, acting through the Council, effectively reopened her case to receive new evidence and that, accordingly, the letter of November 18 embodied the Secretary's final decision for limitations purposes. The sixty-five day period thus started running on that date, she concludes, and did not expire until after she filed suit.

■ The record does not support Triplett's argument. Assuming *arguendo* that section 205(g) authorizes judicial review of a decision on a petition to reopen,[3] we find no evidence indicating that the Council reopened Triplett's case. The Council's letter of November 18 says nothing of a decision to reopen. On the contrary, it discloses only that the Council examined the new doctor's report long enough to determine that it added nothing to the medical information already of record. Such a threshold inquiry cannot amount to reopening a case. *See McGowen v. Harris,* 666 F.2d 60, 68 (4th Cir.1981)

(holding that "the threshold inquiry into the nature of the evidence should not be read as a reopening of this claim on the merits"). A claimant could otherwise indefinitely delay a "final decision" simply by bombarding the Council with a series of "new" pieces of evidence. Triplett thus had to show more than that the Secretary acknowledged receipt of additional material and found it wanting. *See Friddle v. Heckler,* 720 F.2d 24, 25 (8th Cir.1983) (per curiam) (noting that Council's solicitation of further evidence may constitute reopening); *Biron v. Harris,* 668 F.2d 259, 261 (6th Cir.1982) (per curiam) (affirming dismissal partly on ground that "the Secretary, through the Council, never requested that additional evidence be submitted"). Having failed to make the necessary showing, she has not raised an issue of material fact.

■ The affidavit that Triplett submitted for the first time on appeal does not alter the result. In it, she asserts at most that a member of the Council's staff erroneously informed her that the Council had reopened her case and granted her an extension of time in which to sue. We view the argument as one claiming estoppel—that the staff member's conduct estops the Secretary from insisting upon compliance with the sixty-five day limitation period. We have long held, however, "that the government cannot be bound by unauthorized or incorrect statements of its agents." *United States v. Thompson,* 749 F.2d 189, 193 (5th Cir.1984) (affirming summary judgment); *Hicks v. Harris,* 606 F.2d 65, 69 (5th Cir.1979); *see generally Heckler v. Community Health Services of Crawford County* — U.S. ——, ——, 104 S.Ct. 2218, 2223–24, 81 L.Ed.2d 42 (1984) (discussing estoppel against government). The affidavit thus does not preclude summary judg-

---

**3.** The Supreme Court has held that § 205(g) "does not afford subject-matter jurisdiction" of cases in which a disability benefits claimant seeks judicial review of the *denial* of a petition to reopen. *Califano v. Sanders,* 430 U.S. 99, 109, 97 S.Ct. 980, 986, 51 L.Ed.2d 192 (1977). In so holding, the Court relied on the limitation of judicial review to decisions that the Secretary renders "after a hearing" despite the fact that

Sanders, the claimant, had received a hearing before an administrative law judge not long after he first applied for benefits. The decision thus suggests jurisdiction does not exist unless the Secretary conducted a new hearing on the petition to reopen. Because this case does not properly raise the question, however, we leave the task of answering it to another day.

ment against Triplett on grounds of limitation.[4]

We note, as other courts have done, that the Secretary's regulations authorize extensions where the claimant shows good cause for failing to sue in a timely fashion. 20 C.F.R. § 404.982 (1984); *see Friddle*, 720 F.2d at 25; *Biron*, 668 F.2d at 261. The record is absent any indication that the Secretary was asked for such an extension.

Motions to Remand and to Supplement Record DENIED and Judgment AFFIRMED.

---

**4.** Triplett filed a motion in this Court seeking remand of the case for purposes of securing substantive review of the Secretary's final decision. Our conclusion that § 205(g) bars this suit, however, precludes consideration of the merits of her claim. We accordingly deny her motion to remand.