793 F.2d 1293
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
KENNETH E. PEEL, Plaintiff-appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 85-1117
 United States Court of Appeals, Sixth Circuit.
 5/22/86
 
 AFFIRMED
 E.D.Mich.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 BEFORE: KRUPANSKY and WELLFORD, Circuit Judges; and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Kenneth E. Peel ('appellant') appealed the district court's summary judgment in favor of defendant-appellee Secretary of Health and Human Services ('Secretary') dismissing appellant's complaint for lack of subject matter jurisdiction because he failed to file this action in district court within the 60-day time limitation prescribed by 42 U.S.C. Sec. 405(g), (h).[1]
 
 
 2
 On March 15, 1983, an Administrative Law Judge issued a decision denying appellant's claim for continuance of disability insurance benefits. Appellant's request for review was denied by the Appeals Council on September 30, 1983, and notice of such denial was dispatched to appellant on that date. For purposes of the 60-day time limitation in which a claimant may commence an appeal in district court, 20 C.F.R. Sec. 422.210(c) creates a presumption that the claimant will have received the decision of the Appeals Council within five days after it was dispatched. In the instant case, the presumed date of arrival occurred on October 5, 1983. Therefore, the final date of the 60-day period was December 5, 1983. Appellant filed this action on December 6, 1983, alleging that he did not receive actual notice until October 7, 1983.
 
 
 3
 Because the complaint was filed one day beyond the presumed 60-day period, the Secretary filed a motion to dismiss for lack of subject matter jurisdiction, accompanied by a supporting affidavit of Nathan I. Belansky, Chief of Branch I of the Division of Civil Actions--Office of Appeals Department of Health & Human Services ('Belansky'), and other exhibits. Belansky's affidavit was more than merely a recitation of Social Security Administration procedures from which it could be inferred that the notice to the appellant was mailed on September 30, 1983 if those procedures had been implemented. To the contrary, his affidavit affirmatively stated that the notice was actually mailed on the date in question: 'On September 30, 1983, the Appeals Council sent, by mail addressed to the plaintiff . . . notice of its action on the plaintiff's request for review and of his right to commence a civil action within sixty (60) days from the date of receipt.' Belansky Affidavit at 2, p3(a). On November 28, 1984, Judge Newblatt ordered the complaint dismissed for lack of subject matter jurisdiction, determining that the complaint was filed beyond the presumed 60-day period, and that appellant did not adequately rebut the presumption.
 
 
 4
 Pursuant to appellant's motion for reconsideration, Judge Newblatt reviewed the motion to dismiss as a motion for summary judgment under Fed.R.Civ.P. 56(b) inasmuch as the Secretary's motion which was accompanied by a supporting affidavit and exhibits presented matters outside the pleadings. The district court observed that appellant failed to submit evidence to support the allegation in his complaint that he had received the Appeals Council's notice on October 7, 1983. Concluding that the allegation in the complaint upon which appellant rested his argument was insufficient to oppose the Secretary's supporting affidavits, the district court upheld its November 28 Order dismissing the complaint for lack of subject matter jurisdiction.
 
 
 5
 It is well-settled in this circuit that the 60-day time limit presents a jurisdictional issue, and that if the limitation period is not satisfied the case must be dismissed for lack of subject matter jurisdiction. See Whipp v. Weinberger, 505 F.2d 800, 801 (6th Cir. 1974); Biron v. Harris, 668 F.2d 259, 261 (6th Cir. 1981).
 
 
 6
 Upon consideration of the parties' briefs and based on the record in its entirety, this court concludes that appellant's assignments of error are not well taken, and accordingly the judgment of the district court dismissing appellant's claim for lack of subject matter jurisdiction is AFFIRMED. 85-1117 Peel v. Secretary of Health & Human Services
 
 
 7
 PECK, Senior Circuit Judge, dissenting.
 
 
 8
 I respectfully dissent from the court's affirmance of the district court's judgment. The affidavit filed by the Secretary in support of his motion for summary judgment, upon which the district court's judgment rests, makes no pretense that affiant personally knew that the notice to the plaintiff was in fact placed in the mail on September 30, 1983. Rather, the affidavit, read in a light most favorable to the plaintiff, the non-movant, is merely a recitation of Social Security Administration procedures which govern the presumed date of receipt of notices generally and reflects the fact that 'September 30, 1983' was the date typed on the notice to Peel. Because the Secretary's evidence, therefore, does not directly contradict Peel's allegation in his complaint that he received the notice of denial on October 7, 1983, summary judgment was inappropriate. See Smith v. Hudson, 600 F.2d 60, 64-65 (6th Cir.), cert. dismissed, 444 U.S. 986 (1979). I would reverse the judgment of the district court on this basis.
 
 
 
 [1]
 42 U.S.C. Sec. 405(g), (h) provides in pertinent part:
 (g) Judicial review
 Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.
 (h) Finality of Secretary's decision
 The findings and decision of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.