John E. ZOOK, Plaintiff,

v.

Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.

No. 90-4086-R.

United States District Court, D. Kansas.

Nov. 1, 1990.

Kenneth M. Carpenter, Carpenter, Chartered, Topeka, Kan., for plaintiff.

David B. Bailey, U.S. Atty's. Office, Topeka, Kan., for defendant.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

This is an action to review a final decision by the Secretary of Health and Human Services regarding plaintiff's entitlement to disability benefits under the Social Security Act. This matter is presently before the court upon defendant's motion to dismiss.

The defendant argues that this action should be dismissed because plaintiff's complaint fails to state a claim upon which relief can be granted pursuant to Fed.R. Civ.P. 12(b)(6). The defendant argues that the complaint fails to state a claim because it was not timely filed as required by 42 U.S.C. § 405(g).

The court intends to consider matters outside the pleadings, so we will convert the defendant's motion to one for summary judgment. Fed.R.Civ.P. 12(b)(6). The court finds no harm to the parties in this conversion because the facts pertinent to this motion have been adequately provided to the court. In addition, these facts are undisputed. Therefore, the court can determine the issue presented as a matter of law.

Plaintiff filed an application for social security benefits on November 26, 1986. The application was denied initially and on reconsideration by the Social Security Administration. At plaintiff's request, a hearing before an administrative law judge (ALJ) was held on May 20, 1987. On August 17, 1987, the ALJ denied the plaintiff's application for benefits. Plaintiff filed a request for review with the Appeals Council on August 28, 1987. On January 15, 1988, the Appeals Council granted plaintiff's request for review and remanded his claim for further proceedings. Another hearing before a different ALJ was held on August 18, 1988. On January 31, 1989, this ALJ also denied plaintiff's application for benefits. Plaintiff filed another request for review with the Appeals Council on March 22, 1989. Plaintiff attached some additional medical evidence with his request. On November 7, 1989, the Appeals Council denied the plaintiff's request for review. The Appeals Council informed the plaintiff that he had sixty days from the receipt of its letter in which to commence a civil action in district court for review of its decision. On November 17, 1989, plaintiff filed a request for reconsideration with the Appeals Council. He indicated in the request that the Appeals Council had not considered all of the medical evidence he had submitted with his request for review. On February 28, 1990, the Appeals Council considered the additional evidence but decided that there was no basis for vacating its earlier decision. Plaintiff filed the instant action on April 27, 1990.

The defendant contends that this action was not timely filed because it was filed over sixty days after the Appeals Council denied plaintiff's request for review on November 7, 1990. Plaintiff argues that this action was timely filed because it was filed within sixty days of the Appeals Council's decision of February 28, 1990. Plaintiff asserts that the decision of February 28, 1990 constituted a "final decision" by the Secretary because the Secretary responded to the merits of his second request and considered the additional evidence.

The Social Security Act provides in pertinent part that "[a]ny individual, after any final decision of the Secretary ... may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow." 42 U.S.C. § 405(g). The social security regulations provide that the Secretary may extend the time for fil-

928

ing suit if the claimant demonstrates "good cause" in writing to the Appeals Council for the delay within the statutory period. 20 C.F.R. § 404.982. The Secretary may also "reopen and revise" a decision after the time for obtaining direct review expires. 20 C.F.R. §§ 404.987–404.995.

■ The court finds no merit to the argument made by the plaintiff. The argument articulated by the plaintiff has been rejected by three courts of appeals. The Fifth, Sixth and Eighth Circuits have held that the consideration of additional medical evidence by the Secretary after the final administrative decision does not extend the statutory filing period. *Triplett v. Heckler,* 767 F.2d 210, 213 (5th Cir.1985), *cert. denied,* 474 U.S. 1104, 106 S.Ct. 889, 88 L.Ed.2d 923 (1986); *Friddle v. Heckler,* 720 F.2d 24, 25 (8th Cir.1983); *Biron v. Harris,* 668 F.2d 259, 261 (6th Cir.1982). The court in *Triplett* explained in part the rationale for the rule as follows: "A claimant could otherwise indefinitely delay a 'final decision' simply by bombarding the Council with a series of 'new' pieces of evidence." 767 F.2d at 213. This court concurs in the rulings made by these courts.

■ Here, the Secretary did not reopen plaintiff's case when the additional medical evidence was submitted. Moreover, the plaintiff did not seek, and the Secretary did not extend, the time period for filing a civil action. Accordingly, this action was not timely filed by the plaintiff since it was filed over sixty days after the Appeals Council denied plaintiff's request for review and informed plaintiff that a civil action must be filed within sixty days.

The court also notes that we find no evidence of circumstances in this case that justify equitable tolling of the sixty day requirement of 42 U.S.C. § 405(g). The filing requirement of § 405(g) is not jurisdictional, but rather is a statute of limitations. *Bowen v. City of New York,* 476 U.S. 467, 478, 106 S.Ct. 2022, 2029, 90 L.Ed.2d 462 (1986). As a statute of limitations, it is subject to the principle of equitable tolling. *Id.* at 480, 106 S.Ct. at 2030. Equitable tolling is generally applied only in those cases where the government has hindered a claimant's attempts to exercise his rights by acting in a misleading or clandestine manner. *See, e.g., Bowen,* 476 U.S. at 480–81, 106 S.Ct. at 2030–31; *Turner v. Bowen,* 862 F.2d 708, 710 (8th Cir. 1988); *Wong v. Bowen,* 854 F.2d 630, 631 (2d Cir.1988). Plaintiff has failed to set forth any facts which support a finding that the sixty day period should have been tolled. Plaintiff has not hinted at any misconduct by the Secretary, let alone misconduct sufficiently grave to justify equitable tolling. Accordingly, defendant's motion to dismiss, which the court has construed as a motion for summary judgment, must be granted. This action fails to state a claim upon which relief can be granted because it was not timely filed.

IT IS THEREFORE ORDERED that defendant's motion to dismiss, which the court has construed as a motion for summary judgment, be hereby granted. This action is hereby dismissed for failure to state a claim upon which relief can be granted because it was not timely filed.

IT IS SO ORDERED.