4 F.3d 993
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gregory S. HAYES, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 93-1498.
 United States Court of Appeals, Sixth Circuit.
 Aug. 18, 1993.
 
 1
 Before JONES and NORRIS, Circuit Judges, and CLELAND, District Judge.*
 
 ORDER
 
 2
 Gregory S. Hayes, a pro se Michigan resident, appeals a district court judgment granting the Secretary's motion to dismiss his complaint for lack of jurisdiction. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Hayes applied and was awarded social security disability insurance benefits and supplemental security income benefits with an effective date of January 2, 1979. However, the Secretary found that Hayes had recovered from his chronic pancreatitis, hepatitis, and choledocholithiasis by December 31, 1980, so as to be able to perform sedentary work on a regular basis. Therefore, Hayes's benefits were terminated as of February 1981.
 
 
 4
 Hayes subsequently filed an application for only disability insurance benefits on January 26, 1983, alleging disability as of March 2, 1981. In February 1984, an administrative law judge (ALJ) found that Hayes was not disabled. Following an appeal to the United States District Court for the Western District of Michigan, the district court found that the Secretary's decision was not supported by substantial evidence and ordered the case remanded to the Secretary for further proceedings.
 
 
 5
 On October 30, 1987, an ALJ recommended that Hayes be awarded benefits as of March 30, 1983. The Appeals Council adopted the ALJ's recommendation on January 20, 1988. The Appeals Council's decision became the final decision of the Secretary.
 
 
 6
 On July 13, 1992, Hayes filed suit against the Secretary seeking a review of the January 20, 1988 decision. Hayes argued that he should have been awarded benefits as of March 1981 rather than March 1983. The Secretary moved to dismiss the case pursuant to Fed.R.Civ.P. 12(b)(6), arguing that the district court lacked jurisdiction to review the Secretary's decision. The Secretary also filed evidence outside the pleadings to support his motion. The district court granted the Secretary's motion to dismiss.
 
 
 7
 In his timely appeal, Hayes essentially argues that his attorney was ineffective and that the court should grant him benefits for the time period in question. He also requests oral argument.
 
 
 8
 The Secretary moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6). Because the Secretary filed evidence outside the pleadings which was not excluded from the district court's consideration, the motion must be treated as a motion for summary judgment. See Monks v. Marlinga, 923 F.2d 423, 425 (6th Cir.1991) (per curiam). This court's review of a grant of summary judgment is de novo. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 9
 Upon de novo review, we conclude that the district court lacked jurisdiction to review the Secretary's decision. Biron v. Harris, 668 F.2d 259, 260-61 (6th Cir.1982) (per curiam). Because Hayes did not seek judicial review of the Secretary's decision until four and one-half years after the final decision of the Secretary was rendered, the district court lacked jurisdiction to entertain the complaint. Id. at 261. Furthermore, Hayes's ineffective counsel claim is meritless because there is no right to effective counsel in a civil action. See Friedman v. Arizona, 912 F.2d 328, 333 (9th Cir.1990), cert. denied, 498 U.S. 1100 (1991); Nicholson v. Rushen, 767 F.2d 1426, 1427 (9th Cir.1985).
 
 
 10
 Accordingly, we deny the request for oral argument and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert H. Cleland, U.S. District Judge for the Eastern District of Michigan, sitting by designation