12 F.3d 211
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kevin CRUICHSHANK, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 Nos. 93-1866, 93-1904.
 United States Court of Appeals, Sixth Circuit.
 Nov. 15, 1993.
 
 Before: GUY and RYAN, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Kevin Cruichshank, a pro se Michigan resident, appeals a district court order granting the Secretary's motion to dismiss his complaint for lack of jurisdiction. The cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On May 30, 1991, Cruichshank filed an application for supplemental security income benefits alleging that he was disabled due to pain. On November 23, 1992, an administrative law judge (ALJ) found that Cruichshank was not disabled because he could perform his past relevant work. Cruichshank then filed a timely appeal with the Appeals Council.
 
 
 3
 On February 23, 1993, while his case was still pending before the Appeals Council, Cruichshank filed suit against the Secretary seeking judicial review of the ALJ's decision. The Secretary moved to dismiss the case pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6), arguing that the district court lacked jurisdiction to review the Secretary's decision. The Secretary filed evidence outside the pleadings to support her motion. Cruichshank also filed a motion for summary judgment. Upon de novo review of a magistrate judge's report, the district court granted the Secretary's motion to dismiss.
 
 
 4
 Cruichshank then filed two timely notices of appeal raising multiple grounds for relief. He has also moved for three hours of oral argument, financial compensation for litigating his appeal, and waiver of the joint appendix.
 
 
 5
 This court renders a de novo review of the district court's order to determine whether the plaintiff met his burden to establish jurisdiction over his complaint. Rogers v. Stratton Indus., Inc., 798 F.2d 913, 915-16 (6th Cir.1986) (per curiam). Upon such de novo review, we conclude that the district court lacked jurisdiction to review the Secretary's decision. Biron v. Harris, 668 F.2d 259, 260-61 (6th Cir.1982) (per curiam). Because Cruichshank's case was still being considered by the Appeals Council when he filed his suit seeking review of the ALJ's decision, the Secretary had not rendered a final decision. Therefore, the district court lacked jurisdiction to entertain the complaint. Id. at 261. Furthermore, we conclude that Cruichshank's remaining arguments are without merit.
 
 
 6
 Accordingly, we grant the request to waive the joint appendix, deny the remaining requests for relief, and affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.