14 F.3d 600
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Wilbert CHARLESTON, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 93-1863.
 United States Court of Appeals, Sixth Circuit.
 Dec. 9, 1993.
 
 1
 Before: KEITH and JONES, Circuit Judges, and RUBIN, District Judge.*
 
 ORDER
 
 2
 Wilbert Charleston, a pro se social security claimant, appeals a district court's judgment granting the Secretary's motion to dismiss his complaint for lack of jurisdiction. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Charleston filed his application for disability insurance benefits on December 22, 1987. Charleston's claim was ultimately denied by an administrative law judge on March 7, 1991, and the Appeals Council denied his request for review on September 26, 1991.
 
 
 4
 Although Charleston was represented by an attorney through the administrative proceedings, he filed a pro se complaint in the United States District Court on December 4, 1992. The Secretary moved to dismiss the case pursuant to Fed.R.Civ.P. 12(b)(1) and (6), arguing that the district court lacked jurisdiction to review the Secretary's decision because it was barred by the time limitation for bringing an action pursuant to 42 U.S.C. Sec. 405(g). A magistrate judge recommended granting the Secretary's motion to dismiss and informed Charleston that he had ten days to file objections to this report. The district court noted Charleston's failure to file objections to this report, adopted the magistrate judge's recommendation, and dismissed the case.
 
 
 5
 In his timely appeal, Charleston provides no explanation as to why he did not file a timely complaint in the district court or objections to the magistrate judge's report. He requests the appointment of counsel.
 
 
 6
 The district court's dismissal of Charleston's complaint pursuant to Fed.R.Civ.P. 12(b)(1) is reviewed de novo. Ynclan v. Department of Air Force, 943 F.2d 1388, 1390 (5th Cir.1991); Pohlmeyer v. Secretary of Health and Human Servs., 939 F.2d 318, 320 (6th Cir.1991) (per curiam).
 
 
 7
 Upon review, we conclude that the district court lacked jurisdiction to review the Secretary's decision because Charleston did not file a complaint in the appropriate district court within sixty days from the date of the Secretary's final administrative decision. Biron v. Harris, 668 F.2d 259, 260-61 (6th Cir.1982) (per curiam). The sixty day limitation is jurisdictional and cannot be waived. Id. at 261.
 
 
 8
 Furthermore, Charleston has waived appellate review in this case by not objecting to the magistrate judge's report. Failure to file objections to the magistrate judge's report waives a party's right to appeal the district court's judgment. Thomas v. Arn, 474 U.S. 140, 155 (1985); Willis v. Sullivan, 931 F.2d 390, 401 (6th Cir.1991).
 
 
 9
 Accordingly, we deny his request for counsel and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Carl B. Rubin, U.S. District Judge for the Southern District of Ohio, sitting by designation