35 F.3d 565
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Frederick J. HALLETT, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 93-4229.
 United States Court of Appeals, Sixth Circuit.
 Aug. 16, 1994.
 
 1
 Before: JONES and BATCHELDER, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Frederick J. Hallett, a social security claimant represented by counsel, appeals a district court judgment granting the Secretary's motion to dismiss his complaint for lack of jurisdiction. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Hallett filed an application for disability insurance benefits on May 31, 1991. After Hallett's claim was denied initially and upon reconsideration, an administrative law judge (ALJ) denied his claim in a decision dated October 1, 1992.
 
 
 4
 Hallett filed a request for review of the ALJ's decision on November 30, 1992. By a letter dated January 22, 1993, Hallett's counsel forwarded to the Appeals Council additional medical evidence to be made part of Hallett's claim file. On January 30, 1993, the Appeals Council denied Hallett's request for review and this notice indicated that the ALJ's decision stood as the final decision of the Secretary in his case.
 
 
 5
 In its January 30, 1993, denial of review, the Appeals Council did not consider the additional medical evidence submitted by Hallett's counsel on January 22, 1993. Consequently, on March 1, 1993, the Appeals Council notified Hallett that it had considered the additional evidence he submitted, but found that it did not provide a basis for vacating the Appeals Council's January 30, 1993, determination.
 
 
 6
 On April 27, 1993, Hallett commenced a civil action in the federal district court seeking review of the Secretary's decision denying disability benefits. The parties consented to proceed before a magistrate judge. A magistrate judge granted the Secretary's motion to dismiss for lack of jurisdiction. The court found that Hallett did not timely commence his civil action within sixty days of the Appeals Council's denial of review dated January 30, 1993, which was the Secretary's final action on Hallett's case.
 
 
 7
 On appeal, Hallett argues that the district court had jurisdiction to adjudicate his case because the Secretary's final action on his claim was its March 1, 1993, notice of denial, not the Appeals Council's January 30, 1993, notice and, therefore, his lawsuit was filed in a timely manner.
 
 
 8
 The district court's dismissal of Hallett's complaint pursuant to Fed.R.Civ.P. 12(b)(1) is reviewed de novo. Ynclan v. Department of Air Force, 943 F.2d 1388, 1390 (5th Cir.1991); Pohlmeyer v. Secretary of Health and Human Servs., 939 F.2d 318, 320 (6th Cir.1991) (per curiam).
 
 
 9
 Upon review, we conclude that the district court lacked jurisdiction to review the Secretary's decision because Hallett did not file a complaint in the appropriate district court within sixty days from the date of the Secretary's final administrative action dated January 30, 1993. See Biron v. Harris, 668 F.2d 259, 260-61 (6th Cir.1982) (per curiam). The sixty day limitation is jurisdictional and cannot be waived. Id. at 261.
 
 
 10
 Accordingly, we affirm the district court's judgment.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation