United States Court of Appeals
Fifth Circuit

**F I L E D**

June 15, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 06-61094
Summary Calendar

———————————————

SHARINA SCOTT,

Plaintiff - Appellant,

v.

MICHAEL J ASTRUE, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

———————————————————————————————————

Appeal from the United States District Court
for the Southern District of Mississippi, Gulfport
USDC No. 1:03-CV-213

———————————————————————————————————

Before REAVLEY, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

In this disability benefits case, plaintiff-appellant Sharina Scott ("Scott") appeals

the district court's dismissal of her suit. The district court held that Scott failed to timely

file her appeal from the Appeals Council's denial of her request to review the decision of

the administrative law judge. We affirm for the following reasons:

1. Plaintiff argues that the district court improperly dismissed her case for lack of

jurisdiction. The regulations permit judicial review of an Appeals Council decision

———————————————

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion
should not be published and is not precedent except under the limited circumstances
set forth in 5TH CIR. R. 47.5.4.

providing that the action is "instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council. . .." 20 C.F.R. § 422.210(c). The Appeals Council may also extend this period if good cause is shown. *Id.* The Council denied review on October 18, 2002, but Scott failed to file for judicial review until 146 days later, on March 13, 2003. The extension of time until February 13, 2003 was not met. Scott does not argue here that her claim should have been equitably tolled. Thus, Scott's suit is time-barred.

2. The district court properly determined that it was unnecessary to remand the case because the Social Security Administration had not met the designated time frame for locating plaintiff's file. Plaintiff was informed that the file had been found and that the hearing tape was being transcribed, and did not object or ask for a remand at the time.

3. Scott argues that the Appeals Council waived the statute of limitations. She contends that when new evidence was added on remand, the Appeals Council implicitly waived the statute of limitations defense. However, in *Triplett v. Heckler*, we held that the statute of limitations was not waived when the Council considered new evidence after issuing a final decision, because a threshold inquiry did not constitute the reopening of a case and the reissuing of a new decision. 767 F.2d 210, 213 (5th Cir. 1985). In this case, the Appeals Council added evidence to the record without considering the evidence, and said nothing of reopening the case. If conducting a threshold inquiry of new evidence does not constitute a reopening of the case, as we held in *Triplett*, then neither may

2

merely adding procedural documents to the record. Thus, we conclude that the statute of limitations was not waived, and plaintiff's suit must be dismissed. It is immaterial that the district court reopened consideration when the file became available and then decided the limitation bar.

4. Scott also contends that the Appeals Council should have considered the new evidence that it added to the record. Regardless of whether the Appeals Council improperly added to the record, the fact remains that plaintiff filed her suit in district court after the statute of limitations had expired, and the limitations period was not waived.

AFFIRMED.