Katherine K. BANTA,
Plaintiff–Appellant,

v.

Louis W. SULLIVAN, Secretary,
Defendant–Appellee.

No. 89–55895.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 4, 1990.

Decided Feb. 6, 1991.

Thomas Garrett Roche, Law Office of Robert Hoad, San Diego, Cal., for plaintiff-appellant.

Etzion Brand, Supervisory Trial Atty., Office of the Gen. Counsel, Social Sec. Div., Dept. of Health and Human Services, Baltimore, Md., for defendant-appellee.

Before WALLACE, O'SCANNLAIN and RYMER, Circuit Judges.

RYMER, Circuit Judge:

The Secretary of Health and Human Services denied Katherine K. Banta's application for disability benefits. She sought review of that decision in the district court, but she filed her action more than sixty days after the Appeals Council denied her request for review of an adverse determination by an Administrative Law Judge. The district court dismissed her action as untimely.

After denial of her application but before a decision was rendered by the Appeals Council on her request for review, Banta had submitted a memorandum purporting to raise additional points. The Appeals Council rendered its decision, then notified Banta that her additional evidence did not warrant vacation of that decision. Banta contends that this response constituted a new final decision which restarted the time for filing her claim in the district court. We hold that the Council's review of a claimant's submission of additional evidence in order to determine whether it warrants reconsideration of a previously rendered decision does not extend the time for initiating an action in the district court, and we affirm.

## I

An Administrative Law Judge denied Banta's application for disability benefits on September 23, 1987. On November 5, 1987, Banta requested additional time to prepare evidence for review by the Appeals Council. The Appeals Council granted her twenty days from November 13, 1987 in which to submit additional materials. Banta failed to submit additional evidence within those twenty days, but instead submitted a three-page memorandum on January 8, 1988.

By letter dated February 9, 1988, the Appeals Council denied Banta's request for review and advised her of her right to seek judicial review within sixty days of the letter's date. On April 6, 1988, Banta sent a letter to the Council requesting an extension of time in which to file her action in district court. She received no reply and failed to file an action within the sixty-day limit.

In a letter dated May 5, 1988, the Council notified Banta that it reviewed the arguments in her January 8 memorandum and determined "that there is no basis for vacating its previous action," and that "the hearing decision stands as the final decision of the Secretary." On June 30, 1988, Banta filed a complaint in district court. The district court dismissed the complaint with prejudice for untimeliness, and Banta appeals.

## II

Under Section 205(g) of the Social Security Act (42 U.S.C. § 405(g)), the district court had jurisdiction to review any "final decision" of the Secretary. Our jurisdiction rests on 28 U.S.C. § 1291. We review an order of dismissal as a judgment in the defendant's favor after trial; we review legal conclusions de novo and factual findings for clear error. *Thorne v. City of El Segundo,* 726 F.2d 459, 468 (9th Cir.1983), *cert. denied,* 469 U.S. 979, 105 S.Ct. 380, 83 L.Ed.2d 315 (1984).

## III

Section 205(g) of the Social Security Act provides in part:

Any individual, after any *final decision* of the Secretary made after a hearing to which he was a party ... may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.

42 U.S.C. § 405(g) (emphasis added).

Relying on *Funderburk v. Califano,* 432 F.Supp. 657 (W.D.N.C.1977), Banta argues that the Council's May 5 letter constitutes a reopening of her case and a new final decision which renewed the sixty-day period for filing her district court action. In response to a letter from the Legal Aid Society requesting the Appeals Council in *Funderburk* to keep the claimant's file open, the Council stated that it would "carefully consider any additional evidence or information which you may furnish." *Id.* at 658. The court held that, in light of the fact that the Council led the claimant to forego his right to bring a district court action, the Council's subsequent consideration of the materials constituted a reopening of the claimant's case. *Id.* at 658–59. Unlike *Funderburk,* the Appeals Council in Banta's case neither invited submission of additional materials nor enticed her to forego filing a complaint in district court.

The Secretary contends that the agency's response to Banta's submission did not reopen the proceedings and urges us to adopt the reasoning of other circuits which have held that the Appeals Council is entitled to make a threshold inquiry into additional evidence submitted in order to resolve the reopening issue without actually reopening the decision or rendering a new final decision. *See Triplett v. Heckler,* 767 F.2d 210 (5th Cir.1985), *cert. denied,* 474 U.S. 1104, 106 S.Ct. 889, 88 L.Ed.2d 923 (1986); *Friddle v. Heckler,* 720 F.2d 24 (8th Cir.1983) (per curiam); *Biron v. Harris,* 668 F.2d 259 (6th Cir.1982) (per curiam).

In *Triplett,* the claimant submitted to the Appeals Council a medical report not previously included in her file after the Council notified her of its final decision and of her right to seek judicial review within sixty-

five days. One month later, the Council sent another letter to the claimant, stating that the information in the additional medical report provided no basis for vacating its previous action. The claimant filed her district court action within sixty-five days of the second letter, but not within sixty-five days of the Council's original decision. The district court dismissed the action for untimeliness. 767 F.2d at 211.

On appeal, the Fifth Circuit remarked that "[t]he letter did not indicate that it embodied the Secretary's final decision, but neither did it state that the Council had 'reopened' Triplett's case or that the Council had extended the time in which Triplett could seek judicial review." *Id.* The court held that the Council's consideration of the additional report constituted a mere "threshold inquiry" into whether to reopen the case, not a reopening. *Id.* at 213. The Fifth Circuit reasoned that "[a] claimant could otherwise indefinitely delay a 'final decision' simply by bombarding the Council with a series of 'new' pieces of evidence." *Id.*

Similarly, in *Friddle,* the Eighth Circuit held that the Appeals Council's consideration of additional materials and determination that the materials did not form a basis for vacating its prior decision was " 'neither a later final decision nor an implicit extension of the filing limitation.' " 720 F.2d at 25 (quoting *Biron,* 668 F.2d at 261). The Eighth Circuit distinguished the Council's action of considering unsolicited materials from the Council's action in *Funderburk* of *inviting* submission of additional materials. *Id.; accord Biron,* 668 F.2d 259 (claimant who submitted additional materials before Appeals Council rendered final decision, but whose materials did not receive consideration until several months after final decision, filed untimely district court claim when he waited to do so until after Appeals Council considered all additionally submitted evidence).

These opinions are persuasive and we see no basis for creating an intercircuit conflict by holding to the contrary. *See United States v. Appoloney,* 761 F.2d 520, 523 (9th Cir.), *cert. denied,* 474 U.S. 949, 106 S.Ct.

348, 88 L.Ed.2d 296 (1985). A rule allowing claimants to extend their time for filing in district court simply by submitting additional materials which the Appeals Council considers when determining whether to reopen a case would frustrate Congress's intent "to limit judicial review to the original decision denying benefits [and thereby] forestall repetitive or belated litigation of stale eligibility claims." *Califano v. Sanders,* 430 U.S. 99, 108, 97 S.Ct. 980, 986, 51 L.Ed.2d 192, 201 (1977). Such a rule would also contravene the regulations. *See* 20 C.F.R. § 404.900(b) (1990) ("If you are dissatisfied with our decision in the review process, but do not take the next step within the stated time period, you will lose ... your right to judicial review...."). Furthermore, to find a reopening upon every consideration of additional evidence would dissuade the Appeals Council from considering any additional evidence and could prejudice those claimants who present sufficiently new and material evidence to warrant reopening a case. *See* 20 C.F.R. § 404.989 (1990) (outlining reasons to reopen a case).

## IV

■ Banta next argues that even if her suit is untimely, we should toll the sixty-day statute of limitation by finding the Secretary estopped from asserting a timeliness defense or by exercise of our equitable powers. We are not persuaded that either would be appropriate.

Although the sixty-day time limit is not jurisdictional, but is instead a statute of limitation which the Secretary may waive, *Weinberger v. Salfi,* 422 U.S. 749, 763–64, 95 S.Ct. 2457, 2466, 45 L.Ed.2d 522, 537–38 (1975), Banta points to no evidence of waiver. Rather, she claims it would be unfair to allow the Secretary to raise a timeliness defense when Banta was merely waiting for the Council to review her January 8 memorandum. This contention is neither substantiated by the record, which shows that Banta admitted in district court that she had "no way" to assume or know whether the Council had already reviewed her memorandum when it rendered its final

decision on February 9, nor does it establish a waiver.

Similarly, equitable tolling is inappropriate because Congress intended § 205(g) to "'compress the time for judicial review,'" *Matlock v. Sullivan*, 908 F.2d 492, 494 (9th Cir.1990) (quoting *Peterson v. Califano*, 631 F.2d 628, 630 (9th Cir.1980)), and Banta points to no "equities in favor of tolling the limitations period [that] are 'so great that deference to the agency's judgment is inappropriate.'" *Bowen v. City of New York*, 476 U.S. 467, 480, 106 S.Ct. 2022, 2030, 90 L.Ed.2d 462, 475 (1986) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 330, 96 S.Ct. 893, 900, 47 L.Ed.2d 18, 30–31 (1976)).

The district court's order of dismissal is AFFIRMED.