974 F.2d 1342
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael GOFF, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary, HHS, Defendant-Appellee.
 No. 91-36225.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 24, 1992.*
Decided Sept. 2, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Goff appeals pro se the district court's order granting summary judgment in favor of the Secretary of Health and Human Services in his disability insurance benefits and disabled child's insurance benefits action under section 205(g) of the Social Security Act ("Act"), 42 U.S.C. § 405(g). Goff contends that the district court erred by finding that his action was time-barred. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo a district court's grant of summary judgment. Fuller v. Frank, 916 F.2d 558, 561 (9th Cir.1990). We review the evidence in the light most favorable to the nonmoving party to determine whether there was any issue of material fact and whether the substantive law was applied correctly. Americana Trading Inc. v. Berrie & Co., 966 F.2d 1284, 1287 (9th Cir.1992).
 
 The Act provides:
 
 4
 Any individual, after any final decision of the Secretary made after a hearing to which he was a party ... may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.
 
 
 5
 Banta v. Sullivan, 925 F.2d 343, 344 (9th Cir.1991) (quoting 42 U.S.C. § 405(g) (alteration in original)). The 60-day limitation is treated as a statute of limitations subject to equitable tolling principles. Bowen v. City of New York, 476 U.S. 467, 480 (1986) (government's clandestine conduct prevented the plaintiffs from exhausting their administrative remedies in a timely manner); Banta 925 F.2d at 346. Equitable relief is allowed "where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.' " Bowen, 476 U.S. at 480 (quoting Mathews v. Eldridge, 424 U.S. 319, 330 (1976)).
 
 
 6
 On November 14, 1985, Goff's application for disability insurance benefits was denied by an administrative law judge ("ALJ"). On February 12, 1986, an Appeals Council upheld the decision of the ALJ and mailed a notice, stating that any civil action must be commenced within 60 days from the date of receipt of the notice, to Goff's counsel, Peter Miller. Goff did not commence a civil action within 60 days.
 
 
 7
 On March 26, 1987, Goff's application for disabled child's insurance benefits was denied by an ALJ. A notice of the decision was mailed to Goff, and Miller, who again provided representation. The notice informed Goff that he had the right to request review by the Appeals Council within 60 days from the date of receipt of the notice. There is no record that Goff ever appealed this decision. On September 10, 1990, Goff filed a complaint in district court seeking review of both disability decisions.
 
 
 8
 Goff argued that "he did not know of the time limit and did not know the significance of the limit," and thus he was prevented from timely requesting reconsideration of his disability claims (ER at 10).[1] Goff's argument, however, failed to show any "equities in favor of tolling the limitations period [that] are 'so great that deference to the agency's judgment is inappropriate.' " Cf. Bowen, 476 U.S. at 480 (quoting Mathews, 424 U.S. at 330). Accordingly, the district court properly dismissed his disability insurance benefits claim as time barred. See Banta, 925 F.2d at 346.
 
 
 9
 Although the district court dismissed Goff's disabled child's insurance claim as time barred, we are free to affirm on any ground fairly presented by the record. See Scholar v. Pacific Bell, 963 F.2d 264, 266 (9th Cir.1992), petition for cert. filed, 61 U.S.L.W. 3083 (U.S. July 24, 1992) (No. 92-156). Because Goff did not appeal the ALJ's adverse decision to the Appeals Council, he failed to exhaust his administrative remedies in a timely manner and could not seek judicial review in district court. See Bowen, 476 U.S. at 472; see also 42 U.S.C. § 405(g). Therefore, we affirm the district court's summary judgment for the disabled child's insurance claim on the grounds that Goff failed to exhaust his administrative remedies. See Scholar, 963 F.2d at 266.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Goff argues for the first time on appeal that equitable tolling is appropriate because "a 'secretive or make-secretive policy in the government ... create[d] [the] time delay and impede[d] [a]ppellant's normal pursual [sic] of this case.... The government ... directly with severe overdoses of drugs, binding to cramp and dislocate, gross overwork, disease, and brainwash techniques; caused a mental state to occur which ... ma[de] information incomprehensible ... [and] false in its presumption of communication thereof, and especially misleading." See Appellant's Opening Brief at 24-25. We decline to address this contention as Goff did not raise it below. See United States v. Childs, 944 F.2d 491, 495 (9th Cir.1991) (generally this court will not address an issue which was not raised in the district court)