980 F.2d 738
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Norma STEPHENS, Plaintiff-Appellant,
v.
Louis W. SULLIVAN,** Secretary, HHS,
Secretary of the United States Department of
Health and Human Services, Defendant-Appellee.
 Nos. 88-15202, 88-15332 and 88-15333.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 9, 1992.*
Decided Dec. 4, 1992.
 
 Before FERGUSON, O'SCANNLAIN and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Stephens is a black female Equal Opportunity Specialist with the Office of Civil Rights of the Department of Health and Human Services. Between 1981 and 1985, she filed eight separate administrative EEO complaints alleging discrimination based on race and sex. In later complaints she also alleged retaliation for earlier complaints. The EEO complaints, plus two other allegations, form the basis for three complaints she filed in the U.S. District Court for the Northern District of California.
 
 
 3
 The district court dismissed two claims that had not been administratively exhausted and also dismissed two claims that had not been timely filed within thirty days of notice of the final agency decision as required by 42 U.S.C. § 2000e-16(c). After dismissing those claims, the court struck, for violating Local Rule 220-7, two declarations offered by Stephens in support of her memorandum in opposition to the agency's motion for summary judgment. The court then granted the agency's motion for summary judgment against the remaining claims. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 4
 * Title VII specifically requires a federal employee to exhaust her administrative remedies as a precondition to filing suit. See Vinieratos v. USAF, 939 F.2d 762 (9th Cir.1991). Whether the plaintiff has satisfied that precondition is a question of law reviewable de novo. Id.
 
 
 5
 Prior to granting the agency's motion for summary judgment, the district court concluded that two of Stephens' claims were not properly before it because she had failed to exhaust her administrative remedies. Stephens concedes that she did not exhaust her remedies as to those two claims but argues that they were reasonably related to claims properly before the court.
 
 
 6
 Under the law of this circuit, "when an employee seeks judicial relief for incidents not listed in his original charge, the judicial complaint may encompass any discrimination like or reasonably related to the allegations of the EEOC charge, including new acts." Oubichon v. North American Rockwell Corp., 482 F.2d 569, 571 (9th Cir.1973). Therefore, we must determine if these claims are "reasonably related" to those Stephens administratively exhausted.
 
 
 7
 The rationale behind Oubichon is to "avoid creating needless procedural barriers." Id. The exhaustion requirement can lead to needless procedural barriers because, "[i]f closely related incidents occur after a charge has been filed, additional investigative and conciliative efforts would be redundant." Brown v. Puget Sound Elec. App. & Train. Trust, 732 F.2d 726, 729-30 (9th Cir.1984).
 
 
 8
 On the other hand, "[w]here claims are not so closely related that agency action would be redundant, the EEOC must be afforded an opportunity to consider disputes before federal suits are initiated.... 'It is only logical to limit the permissible scope of the civil action to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.' " Id. at 730 (quoting Serpe v. Four-Phase Systems, Inc., 718 F.2d 935, 937 (9th Cir.1983)).
 
 
 9
 The agency argues that the two allegations at issue here are sufficiently different in character from those that were addressed through administrative procedures that to require the plaintiff to have brought them would not have been redundant. We agree.
 
 
 10
 Stephens alleges that she was ousted from the Investigative Division when the Office of Civil Rights was reorganized in 1983. None of her other complaints involve her divisional assignment or a similar type of decision and, therefore, this claim does not appear to be reasonably related to any of the claims investigated by the EEOC.
 
 
 11
 Stephens' other new allegation is that she was not selected in a competition for a promotional opportunity for which a white male was selected in 1981. Her EEO complaints deal with career-ladder promotions. Career-ladder decisions focus solely on the employee's own file. Because an EEOC investigation of claims related to career-ladder promotions would consider different evidence than would an investigation of discrimination in a competitive promotion, her new claim is not reasonably related to any of her EEO complaints.
 
 
 12
 Moreover, Stephens' eight EEO complaints were all filed between 1981 and 1985. Her new allegations concern events that allegedly occurred in 1981 and 1983. Nothing in Oubichon excuses her failure to pursue administrative remedies for these allegations when she continued to do so for other claims.
 
 
 13
 Thus, we conclude that the district court properly dismissed these two claims for failure to exhaust her administrative remedies.
 
 II
 
 14
 The district court dismissed another two of Stephens' claims as untimely. This court reviews an order of dismissal as a judgment in the defendant's favor after trial. Banta v. Sullivan, 925 F.2d 343, 344 (9th Cir.1991). Legal conclusions are reviewed de novo; factual findings are reviewed for clear error. Id.
 
 
 15
 On October 29, 1985, the EEOC/ORA issued a finding of no discrimination as to the two claims in question. Stephens' counsel received the decision on November 8, 1985. That decision included an express warning that Stephens had the right to appeal for twenty days.
 
 
 16
 In a letter postmarked November 30, 1985, Stephens' counsel notified the EEOC/ORA of her desire to appeal. Stephens offered no justification for her failure to meet the 20 day deadline. Accordingly, the EEOC/ORA denied her appeal. Stephens then requested that the EEOC/ORA reconsider and reopen her appeal. That request was rejected on June 2, 1986. These claims first appeared in a district court complaint filed on July 16, 1987.
 
 
 17
 42 U.S.C. § 2000e-16(c) requires that civil actions be filed "within thirty days of receipt of notice of final action." Because it believed that section 2000e-16(c) was jurisdictional, the district court concluded that the principles of equitable tolling did not apply. The Supreme Court has since held, in Irwin v. Veterans Administration, 111 S.Ct. 453 (1990), to the contrary. Nevertheless, Stephens has failed to show that she is entitled to equitable tolling.
 
 
 18
 Equitable tolling is appropriate in situations where the claimant has actively pursued her judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by her adversary's misconduct into allowing the filing deadline to pass. See Irwin, 111 S.Ct. at 457-58. We are less forgiving when the claimant failed to exercise due diligence in preserving her legal rights. Id.
 
 
 19
 Stephens makes several arguments to show that she is entitled to equitable tolling. First, she contends that the EEOC/ORA erred in finding her appeal untimely and denying her request for reconsideration because the principles of equitable tolling should apply to the EEOC/ORA just as it applies to courts. Her argument is flawed, however, because, according to 29 C.F.R. § 1613.233(b), the EEOC/ORA did have the discretion to accept late filings for good cause shown. Moreover, the October 29, 1985 decision expressly notified her of that discretion, but Stephens offered no justification for the untimely filing in her November 30, 1985 letter.
 
 
 20
 In Stephens' request for reconsideration, she contended that, because notice of the final decision had gone to her counsel rather than to her personally, she had not received notice and therefore the filing deadline for her appeal should have been tolled. Her argument has no merit. Notice to her counsel qualified as notice to her. See Irwin, 111 S.Ct. at 456.
 
 
 21
 Stephens next argues that her request for reopening and reconsideration should have tolled the time period for filing. A request to reopen or reconsider a final decision does not toll the thirty day statute of limitations period. Mahroom v. Defense Language Inst., 732 F.2d 1439 (9th Cir.1984); Birch v. Lehman, 677 F.2d 1006, 1008 (4th Cir.1982), cert. denied, 459 U.S. 1103 (1983). "Accepting appellant's position would mean that no decision by the EEOC could be regarded with certainty as a 'final action' since a plaintiff could revive his claim at any time, merely by requesting reconsideration. Such a request would render the statutory 30-day requirement meaningless." Birch, 677 F.2d at 1008. Nothing in Irwin suggests otherwise.
 
 
 22
 Moreover, nothing in the regulations in effect in 1985 suggests otherwise. Stephens contends that those regulations compel the conclusion that a request to reopen and reconsider renders "the final decision not final" because a claimant is given the choice to file a civil action (1) within 30 days of receiving a final agency decision or (2) after 180 days of the filing of a complaint or an appeal. See 29 C.F.R. § 1613.281 (1985). She claims that this language creates a disjunctive choice between filing in district court and requesting reconsideration. To reach that conclusion, she misreads the regulations. She equates a "request to reconsider and reopen" pursuant to 29 C.F.R. § 1613.231 with an "appeal" as that word is used in 29 C.F.R. § 1613.281. The regulations never refer to a "request to reconsider and reopen" as an "appeal." An "appeal" is defined separately in 29 C.F.R. § 1613.231(a).
 
 
 23
 As the Supreme Court noted in Irwin, "the principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect." 111 S.Ct. at 458. In this case, Stephens was represented by counsel. She was expressly notified by the EEOC/ORA of the appeal deadline. Moreover, she is a trained equal opportunity specialist who had filed several earlier EEO complaints. Cf. Rice v. Hamilton A.F.B. Commissary, 720 F.2d 1082, 1083 (9th Cir.1983) (court should give leeway to layman proceeding pro se who is weak in legal knowledge and language skills).
 
 
 24
 We conclude that Stephens has not demonstrated that she is entitled to equitable tolling. The district court properly rejected these two claims as untimely.
 
 III
 
 25
 District courts have broad discretion in interpreting and applying their local rules. Miranda v. Southern Pacific Transp. Co., 710 F.2d 516, 521 (9th Cir.1983). The application of local rules is reviewed for an abuse of discretion. Yusov v. Yusuf, 892 F.2d 784, 787 (9th Cir.1989). "Only in rare cases will [this court] question the exercise of discretion in connection with the application of local rules." United States v. Warren, 601 F.2d 471, 474 (9th Cir.1979).
 
 
 26
 In support of her memorandum in opposition to the motion for summary judgment, Stephens provided a 135 page declaration from herself and a declaration from her union representative, Howard Traylor. In addition, she filed a "boxload of documents." The documents were not indexed or tabbed, and the "vast majority" were not numbered. "Because of this nearly complete lack of coherence and organization," the district court was "unable to locate numerous documents referred to in the plaintiff's declaration."
 
 
 27
 Local Rule 220-7 of the Northern District of California requires that:
 
 
 28
 [f]actual contentions made in support of or in opposition to any motion shall be supported by affidavits or declarations and contain appropriate references to the record. Affidavits and declarations shall contain only facts, shall conform as far as possible to the requirements of Rule 56(e), Federal Rules of Civil Procedure, and shall avoid conclusions and argument. Any statement made upon information and belief shall specify the basis therefor. Affidavits and declarations not in compliance with this Rule shall be subject to being stricken in whole or in part.
 
 
 29
 In this case, after reviewing the declarations, the district court concluded that it had "little choice but to strike the declarations pursuant to Local Rule 220-7."
 
 
 30
 The district court recognized that striking the declarations was a harsh sanction. However, as the district court correctly observes, "Ms. Stephens' 135 page declaration consists mainly of a procedural history and chronology of events spanned by the eight administrative complaints, various allegations, rhetorical questions, arguments and conclusions as well as a short biographical history discussing her childhood." Traylor's declaration is equally inadequate. His declaration consists almost entirely of conclusory statements and a continued discussion of his own complaints against the agency.
 
 
 31
 Neither declaration "set[s] forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated herein." Fed.R.Civ.P. 56(e). The declarations fail to meet the requirements of either Local Rule 220-7 or Rule 56(e). Accordingly, we hold that the district court did not abuse its broad discretion in striking these declarations.
 
 IV
 
 32
 We review a district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the party against whom summary judgment was granted to determine whether there are any genuine issues of material fact and whether the district court properly applied the relevant substantive law. See Dytrt v. Mountain State Tel. & Tel. Co., 921 F.2d 889, 893 (9th Cir.1990). We recognize that we must be particularly cautious when reviewing a district court's decision to grant summary judgment where issues of intent or motivation are involved. Id. at 896.
 
 
 33
 In a Title VII case, the plaintiff bears the burden of demonstrating a prima facie case of discrimination. McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Here, the district court appears to have found that Stephens' showing was sufficient to shift the burden to the agency to articulate a legitimate, nondiscriminatory reason for its actions. Id. at 802. We are satisfied that the agency set forth legitimate, non-discriminatory reasons for each of its actions and Stephens does not now contend otherwise. Accordingly, the burden returned to Stephens to demonstrate that the agency's explanations are merely pretext for discrimination or retaliation. See Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981); Steckl v. Motorola Inc., 703 F.2d 392, 393 (9th Cir.1983).
 
 
 34
 Stephens has failed to demonstrate that genuine issues of material fact exist that "either directly [show] ... that a discriminatory reason more likely than not motivated the employer or indirectly [show] that the employer's proffered explanation is unworthy of credence." Burdine, 450 U.S. at 256. Indeed, Stephens has failed to set forth any specific facts as required by Rule 56(e). See Celotex v. Catrett, 477 U.S. 317, 322 (1986). She cites no facts in her memorandum in opposition. Nor do her briefs direct this court to any genuine issue of material fact. She merely repeatedly asserts that "there is evidence." Such conclusory statements are wholly inadequate to meet her burden.
 
 
 35
 Summary judgment should be used sparingly in Title VII cases because of the elusive factual question of intentional discrimination and the value of cross-examination in ferreting out hidden motives. See Yartzoff v. Thomas, 809 F.2d 1371, 1377 (9th Cir.1987). Summary judgment is appropriate, however, where, as here, the plaintiff has failed to oppose a properly supported summary judgment motion by producing "any specific, substantial evidence of pretext." Steckl, 703 F.2d at 393.
 
 
 36
 AFFIRMED.
 
 FERGUSON, Circuit Judge, dissenting:
 
 37
 I dissent. The sworn affidavits of Howard Traylor, Stephens' former co-worker, and of Stephens herself both describe specific incidents that a reasonable finder of fact could conclude were instances of racially discriminatory retaliation. Summary judgment is unsuitable in a Title VII case in which the plaintiff has made a prima facie showing of discrimination, as in this case, although it is appropriate when "evidence of discriminatory intent is totally lacking." Yartzoff v. Thomas, 809 F.2d 1371, 1377 (9th Cir.1987) (emphasis added). Stevens has made a sufficient showing, as to retaliatory portions of her claim, to preclude entry of summary judgment. Moreover, the district court's decision to ignore the probative portions of Stephens' affidavits in entering summary judgment constitutes an abuse of discretion.
 
 A.
 
 38
 At this stage of the proceedings, we must construe Stephens' allegations in their best possible light, accepting all of her factual contentions as true. Tzung v. State Farm Fire & Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989). Stephens and Traylor both recount series of events in which Stephens' supervisors acted in a manner that Stephens perceived as racist; Stephens then informed her supervisors that she thought their actions were racist; finally, her supervisors took actions against her merely for having accused them of being racist. These acts of retaliation in response to Stephens' charges of racism--if proved at trial--are themselves actionable under Title VII. See, e.g., Yartzoff, 809 F.2d at 1375.[1]
 
 
 39
 Stephens, in her declaration, describes an October 6, 1982 meeting with her supervisors in which she complained that the agency took Compliance Review 09-82-7007, which had been assigned to her, and gave the lead role to a white male. Stephens explained that she had done all the research and much of the preparatory work, and had received an excellent performance rating for her work products. She alleged reprisal and racial discrimination in this instance and at the agency in general.
 
 
 40
 In response to this discussion, which occurred "in a private meeting behind closed doors and not before the staff," Stephens' supervisor wrote her a memo on October 8, 1982, that charged her with violating the Department's Standards of Conduct after accusing him of practicing racial discrimination. The factual dispute over the truth of this allegation, in light of the agency's failure to present a non-discriminatory explanation for its behavior, precludes summary judgment.
 
 
 41
 Traylor specifically describes a similar incident. In July of 1984, Stephens' division directors told Traylor and Stephens, the only black employees in the department, that they alone had to attend a special training session on report writing. Traylor and Stephens both complained to the division directors about their selection. Traylor says that Stephens, "[r]eferring to the training selections ... stated 'It's racist, its racist, its racist.' ... Stephens never called either [supervisor] racist. She did state that the action they proposed was racist." Stephens was subsequently given notice that the agency was proposing to suspend her for thirty days because she had called them racists. The agency withdrew the proposed suspension after the Federal Labor Relations Authority investigated the proposal, at Stephens' union's request, and informed the agency that it would issue a formal complaint and conduct a hearing on the matter.
 
 
 42
 The factual similarity of these two instances buttresses Stephens' claim that the agency intentionally retaliated against her for alleging racial discrimination. Perhaps the agency did so; perhaps Stephens made disruptive, unfounded accusations in a hostile manner, and the agency's reaction had nothing to do with her race. The resolution of such factual disputes is not within the purview of the district court at summary judgment. Federal Deposit Ins. Corp. v. O'Melveny & Meyers, 969 F.2d 744, 747 (9th Cir.1992).
 
 B.
 
 43
 The majority disposition upholds the district court's decision to strike Stephens' and Traylor's declarations in their entirety for failure to comply with Fed.R.Civ.P. 56(e) and Northern District of California Local Rule 220-7. Although portions of those declarations do contain conclusions and argument, in contravention of Rule 56(e) and Local Rule 220-7, that is not a sufficient basis for excluding both documents in their entirety. The district court should have disregarded only the inadmissible portions of the affidavits and should have considered the remainder. Lee v. National Life Assurance Co. of Can., 632 F.2d 524, 529 (5th Cir.1980) (citing, inter alia, State of Washington v. Maricopa County, 143 F.2d 871, 872 (9th Cir.1944), cert. denied 327 U.S. 799 (1946)); accord 10A Charles A. Wright et al., Federal Practice and Procedure § 2738, 509-10 (1983). It was an abuse of discretion for the district court to strike both documents in their entirety because portions were improper.
 
 
 44
 The district court should have considered the portions of the affidavits that set forth factually disputed, legally valid claims of racially discriminatory retaliation. Summary judgment on those claims was improper. I would reverse.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 Louis W. Sullivan is substituted for his predecessor, Otis R. Bowen
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3
 
 
 [1]
 Whether or not the underlying acts themselves were in fact racially motivated, I must concur with the majority disposition's holding that they do not meet the standard for surviving summary judgment enunciated in Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981)