67 F.3d 308
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jess Carson ROGERS, Plaintiff-Appellant,
v.
Shirley S. CHATER,* Commissioner of Social
Security, Defendant-Appellee.
 No. 92-36966.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 12, 1995.
Decided Sept. 27, 1995.
 
 Before: SCHROEDER, REINHARDT and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jess Carson Rogers appeals the district court's order affirming the Secretary of Health and Human Services' denial of his Title XVI Supplemental Security Income claim and his Title II Social Security disability claim. We affirm in part and reverse in part and remand.
 
 DISCUSSION
 1. Title XVI Disability Benefits
 
 3
 The Secretary lists the requirements for Supplemental Security Income benefits eligibility at 20 C.F.R. Sec. 416.202. The only direct requirement concerning living arrangements is that the claimant be a resident of the United States. See id. Sec. 416.202(b). The regulation also refers to limits on income and resources that one may possess and still be eligible for benefits. See id. Sec. 416.202(c), (d).
 
 
 4
 In the notice of hearing Rogers received regarding his Title XVI claim, the ALJ advised Rogers that the issues to be addressed at the hearing were as follows: "Claimant alleges that he should be paid Supplemental Security Income Benefits for periods of 7-81 to 12-81 and from 3-83 to 10-84. You will have to prove your residence during those periods." Rogers represented himself at the two hearings held on his claim.
 
 
 5
 This case is controlled by Higbee v. Sullivan, 975 F.2d 558, 563 (9th Cir.1992). Here, as there, substantial evidence does not support the conclusion that the claimant was not a United States resident. See id. at 562. Although the record does not show precisely where Rogers lived during the disputed periods, there is no evidence nor even any contention that he lived anywhere other than in the United States, and Rogers himself said that he definitely was in the United States. "[F]ailure to maintain a fixed residence [within the United States] is not grounds for the denial of benefits." Id. at 562 n. 1.
 
 
 6
 The government now argues that Rogers might have fallen under 20 C.F.R. Sec. 416.211, which renders a recipient ineligible to receive benefits for any full month during which he resided in a public institution, but there is no evidence that Rogers resided in any public institution for a full month. Such evidence as there was showed that Rogers was living at various places in South Dakota, Wisconsin or Washington. At any of those locations, he would have been eligible to receive benefits.
 
 
 7
 Perhaps recognizing the futility of its argument, the government now claims in addition that Rogers might have been ineligible based on his income or resources. However, he was not notified that income or resources would be at issue. See 20 C.F.R. Sec. 416.1438. Moreover, the Secretary did not base her decision on that theory. It was based solely on the ground that the exact residence could not be ascertained.
 
 
 8
 Finally, Rogers, who represented himself, was not given the necessary assistance by the ALJ. "[W]here the claimant is not represented, it is incumbent upon the ALJ 'to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts.' " Cox v. Califano, 587 F.2d 988, 991 (9th Cir.1978) (citation omitted). Here, the ALJ never inquired of Rogers whether he had resided in a public institution during the disputed periods, nor did he make any inquiry concerning Rogers' income or resources.
 
 
 9
 It is clear that Rogers was a resident of the United States during the periods from July 1981 through December 1981 and March 1983 through October 1984, and that there is no basis for denying him benefits for those periods. Particularly because Rogers has now waited for over a decade for those benefits we see no justification for further delay and remand to the district court for entry of judgment in his favor. See Erickson v. Shalala, 9 F.3d 813, 819 (9th Cir.1993); see also Penny v. Sullivan, 2 F.3d 953, 959 (9th Cir.1993).
 
 2. Title II Claim
 
 10
 At the March 9, 1990, hearing on Rogers' Title XVI claim, Rogers brought up his Title II application, which had been rejected two years before. The ALJ, who was without the entire case file, inquired of Rogers why he believed the application had been wrongly denied. After listening to Rogers' explanation, the ALJ told him that he had an "excellent point" and promised to "look into that for you."
 
 
 11
 It is clear from the context of these remarks, however, that the ALJ promised only to check on the procedural status of Rogers' claim--i.e., whether the denial decision was final or not--not on its merits. As such, he did not constructively reopen the application. Cf. Banta v. Sullivan, 925 F.2d 343, 344 (9th Cir.1991) (the Administration "is entitled to make a threshold inquiry into additional evidence submitted in order to resolve the reopening issue without actually reopening the decision").
 
 
 12
 Moreover, Rogers was not prejudiced in any way by the ALJ's initial interest. See id. (holding that no reopening took place and distinguishing case where claimant was prejudiced by Administration's inquiry into final decision).
 
 
 13
 Rogers argues that even if the decision was not constructively reopened by the ALJ, it should be reopened pursuant to 20 C.F.R. Sec. 404.988(c)(8). That section allows a decision to be reopened at any time if "[i]t is wholly or partially unfavorable to a party, but only to correct clerical error or an error that appears on the face of the evidence that was considered when the determination or decision was made." We see no basis for reopening. See Mines v. Sullivan, 981 F.2d 1068, 1070 (9th Cir.1992) (error on the face of the evidence must be "absolutely clear"), cert. denied, --- U.S. ----, 113 S.Ct. 2993, 125 L.Ed.2d 688 (1993); Gonzalez v. Sullivan, 914 F.2d 1197, 1202-03 (9th Cir.1990) (requiring colorable constitutional claim that decision not to reopen violates due process); Panages v. Bowen, 871 F.2d 91, 93 (9th Cir.1989) (claim must relate to manner by which Secretary decided not to reopen, not to merits). We therefore affirm the district court's judgment in this respect.
 
 
 14
 AFFIRMED in part, REVERSED and REMANDED in part, with directions to enter judgment for Rogers on his Title XVI claim.
 
 
 
 *
 Pursuant to Public Law No. 103-296, the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security effective March 31, 1995. In accordance with Sec. 106(d), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. No further action need be taken to continue this suit. Id
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3