Daniel **HERNANDEZ,** Plaintiff–Appellant,

v.

Michael J. **ASTRUE,** Commissioner of Social Security, Defendant–Appellee.

No. 07–56530.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2009.*

Filed April 6, 2009.

Daniel Hernandez, San Diego, CA, pro se.

Thomas C. Stahl, Chief Counsel, Office of the U.S. Attorney, San Diego, CA, Armand D. Roth, Esquire, Special Assistant U.S., SSA–Social Security Administration, Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: LEAVY, HAWKINS, and TASHIMA, Circuit Judges.

## MEMORANDUM [**]

Daniel Hernandez appeals pro se from the district court's summary judgment in favor of the Commissioner of Social Security ("Commissioner") in his action seeking disability insurance benefits under Title II of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Banta v. Sullivan,* 925 F.2d 343, 344 (9th Cir.1991). We affirm.

The district court properly granted summary judgment because Hernandez's appeal of the Commissioner's decision was untimely. *See* 42 U.S.C. § 405(g) (explaining that review of a final decision of the Commissioner must be commenced within sixty days after the mailing of the notice of the decision, or within such further time as the Commissioner may allow).

The district court properly concluded that equitable tolling does not apply because there are no extraordinary or egregious circumstances in this case. *See Irwin v. Dep't. of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (explaining that the principles of equitable tolling "do not extend to what is at best a garden variety claim of excusable neglect.").

Hernandez's remaining contentions are unpersuasive.

**AFFIRMED.**

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.