**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHARLES L. BOBO, | No. 13-35099 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-01730-MAT |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Mary A. Theiler, Magistrate Judge, Presiding

Submitted April 16, 2014[**]

Before: GOULD, BERZON, and BEA, Circuit Judges.

Charles Bobo appeals pro se the district court's summary judgment which

dismissed as time-barred his complaint challenging the Commissioner of Social

Security's decision which granted his application for supplemental security income

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under Title XVI of the Social Security Act but declined to reopen earlier disability applications. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo the district court's dismissal as untimely of a complaint seeking review of a decision of the Commissioner. *Banta v. Sullivan*, 925 F.2d 343, 344 (9th Cir. 1991).

The district court did not err in dismissing Bobo's complaint as untimely. Bobo filed his complaint approximately seven months after the sixty-day limitations period had expired. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 422.210(c). He is not entitled to equitable tolling of the statute of limitations. The dismissal for failure to prosecute of his earlier, timely-filed district court action was caused by his failure to comply with the court's order to file an amended complaint. That earlier dismissal does not amount to an extraordinary circumstance beyond his control that made it impossible for him to seek review of the Commissioner's decision. *See Banta*, 925 F.3d at 345; *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999) (discussing tolling of Title VII statute of limitations).

**AFFIRMED.**