NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CORALEE L. KAMOKU, | No. 24-662 |
| Plaintiff - Appellant, | D.C. No. 1:23-cv-00177-DKW-KJM |
| v. | |
| FRANK BISIGNANO, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Submitted May 12, 2026[**]

Before: O'SCANNLAIN, SILVERMAN, and N.R. SMITH, Circuit Judges.

Coralee L. Kamoku appeals pro se the district court's dismissal of her complaint challenging the Commissioner of Social Security's partially favorable decision granting her application for disability insurance benefits under Title II of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the Social Security Act, made following remand. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We review de novo the district court's dismissal as untimely of a complaint seeking review of a decision of the Commissioner, *Banta v. Sullivan*, 925 F.2d 343, 344 (9th Cir.1991), and where the relevant facts are undisputed, we review de novo a district court's decision whether to apply equitable tolling. *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004). We affirm.

The district court did not err in dismissing Kamoku's complaint as untimely. Kamoku filed her complaint more than two years after the sixty-day limitations period had expired. *See* 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner . . . may allow."); *see also Bowen v. City of New York*, 476 U.S. 467, 479 (1986) (This limitation period constitutes "a condition on the waiver of sovereign immunity and thus must be strictly construed."). We need not consider whether the final letter from the Appeals Council somehow extended the time to appeal. Even if the limitations period started to run when the Appeals Council sent the letter, Kamoku's action would be untimely by months.

The district court also properly concluded that Kamoku was not entitled to equitable tolling of the statute of limitations. The district court reasonably determined that both the death of Kamoku's brother in July 2022, and the subsequent foreclosure action occurred more than a year after the March 1, 2021, deadline for filing her civil action had expired. Further, the district court reasonably found that "the purported failures of Kamoku's attorney" would not constitute an extraordinary circumstance warranting equitable tolling. *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling[.]"); *see also Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990) ("[P]rinciples of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect."). Finally, the district court reasonably concluded that Kamoku failed to establish how the Covid pandemic specifically prevented her from filing her complaint or written exceptions in a timely manner. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.").

**AFFIRMED**.