STEPHANIE M., Appellant,

v.

COPTIC ORTHODOX PATRIARCHATE DIOCESE OF the SOUTHERN UNITED STATES, St. Mark Coptic Orthodox Church, and St. Mary Coptic Orthodox Church, Appellees.

No. 14–10–00004–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 17, 2011.

Lance Arney, Houston, for appellant.

Martin A. Shellist, Sufi Nasim Ahmad, and Hartley Hampton, for Coptic Orthodox Patriarchate Diocese of the Southern United States.

Britton B. Harris, James A. Newsom, Hartley Hampton, Houston, for appellees.

Panel consists of Chief Justice HEDGES and Justices FROST and CHRISTOPHER.

## OPINION

ADELE HEDGES, Chief Justice.

In an issue of first impression, appellant, Stephanie M., asks this court to determine whether the five-year statute of limitations applicable to personal injuries arising as a result of sexual assault extends to parties whose alleged negligence was a proximate cause of the conduct that caused her injuries. The trial court concluded that the extended period of limitations did not apply to those defendants whose alleged negligence proximately caused Stephanie M.'s injuries. We disagree and reverse and remand for further proceedings.

## BACKGROUND

On August 29, 2008, Stephanie M. filed this lawsuit. In her live petition she asserted claims against Coptic Orthodox Patriarchate Diocese of the Southern United States, St. Mark Coptic Orthodox Church, St. Mary Coptic Orthodox Church, and Isaac Sullivan a/k/a Ishak Soliman. In her live pleading, Stephanie M. alleged that Isaac Sullivan sexually assaulted her from 1999 to 2001, when she was between the ages of thirteen and fifteen. She further alleged that the Diocese and Church defendants were negligent by (a) failing to have appropriate policies, procedures, and standards in place to prevent priests from sexually abusing children; (b) failing to properly supervise Sullivan; and (c) allowing Sullivan to have unsupervised access to Stephanie M. The Diocese and Church defendants answered with a general denial; the Church defendants also asserted the affirmative defense of limitations.[1]

In June 2009, the Diocese and Church defendants filed a motion for summary judgment based on limitations. In their motion, the Diocese and Church defendants argued that, because Stephanie M. had alleged only negligence causes of action against them—specifically, negligent supervision of Isaac Sullivan and negligent failure to institute policies designed to pre-

1. Although the Diocese did not assert this affirmative defense in its answer, this issue was tried by consent in the summary-judgment motion filed by all three defendants because Stephanie M. failed to object to this ground in her response to the motion. *See Roark v. Stallworth Oil & Gas, Inc.,* 813 S.W.2d 492, 494–95 (Tex.1991).

vent sexual abuse by its clergy—the two-year statute of limitations for negligence causes of action barred her claims against them.[2] They asserted that the five-year statute of limitations applicable to personal injury claims arising as a result of sexual assault applies only to suits against the perpetrator of the sexual assault, not to suits against third-parties who are alleged to have negligently supervised the perpetrator or negligently failed to institute policies and procedures designed to prevent such behavior. Stephanie M. responded to the summary-judgment motion, asserting that the five-year statute of limitations applied to both the perpetrator and "to other defendants potentially liable to a plaintiff for the same injuries, such as defendants whose negligence or gross negligence allowed the abuse to occur, or defendants vicariously liable for the perpetrator's actions."

After various responses and replies were filed, the trial court granted the Diocese and Church defendants' summary-judgment motion. Stephanie M. non-suited her claim against Sullivan, rendering the interlocutory summary judgment final. This appeal timely ensued thereafter.

## ANALYSIS

In a single issue of first impression, Stephanie M. asks this Court to determine whether Section 16.0045 of the Texas Civil Practice & Remedies Code—the Texas statute of limitations for filing civil suits in sexual assault cases—should be construed to apply to claims against defendants who did not physically assault the plaintiff but whose negligence proximately caused the sexual assault.

### A. Standard of Review

We review a trial court's summary judgment *de novo*. *Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex.2005). In reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, indulging every reasonable inference, and we resolve any doubts in the nonmovant's favor. *Nixon v. Mr. Prop. Management Co.,* 690 S.W.2d 546, 549 (Tex.1985). Where, as here, the trial court grants the judgment without specifying the grounds, we affirm the summary judgment if any of the grounds presented is meritorious. *FM Props. Operating Co. v. City of Austin,* 22 S.W.3d 868, 872–73 (Tex.2000).

We likewise review issues involving statutory construction under a *de novo* standard. *See Bragg v. Edwards Aquifer Auth.,* 71 S.W.3d 729, 734 (Tex.2002). In construing statutory provisions, our objective is to determine and give effect to the legislature's intent. *Nat'l Liab. & Fire Ins. Co. v. Allen,* 15 S.W.3d 525, 527 (Tex. 2000). We assume that the legislature said what it meant; therefore, its words should be the surest guide to its intent. *Segal v. Emmes Capital, L.L.C.,* 155 S.W.3d 267, 286 (Tex.App.-Houston [1st Dist.] 2004, pet. dism'd). If the meaning of the statutory language is unambiguous, we will adopt the interpretation supported by the plain meaning of the provision's words. *St. Luke's Episcopal Hosp. v. Agbor,* 952 S.W.2d 503, 505 (Tex.1997). We must not engage in forced or strained construction; instead we yield to the plain sense of the words the legislature chose. *See id.* With these standards in mind, we turn to construction of the statute at issue here.

---

2. The parties agree that any statute of limitations applicable to Stephanie M.'s causes of action did not begin to run until she reached the age of eighteen on November 24, 2004. *See* Tex. Civ. Prac. & Rem.Code Ann. § 16.001 (West 2002).

## B. Construction of Texas Civil Practice & Remedies Section 16.0045

 We begin our analysis by looking at the language of the statute. Section 16.0045 of the Texas Civil Practice & Remedies Code provides in pertinent part:

(a) A person must bring suit for personal injury not later than five years after the day the cause of action accrues if the injury arises as a result of conduct that violates:

(1) Section 22.011, Penal Code (sexual assault);

(2) Section 22.021, Penal Code (aggravated sexual assault); or

(3) Section 21.02, Penal Code (continuous sexual abuse of young child or children).

Tex. Civ. Prac. & Rem.Code Ann. § 16.0045(a) (West Supp.2009).[3]

The introductory phrase in this statute, "A person must bring suit," is used throughout Chapter 16 of the Civil Practice & Remedies Code. *See, e.g.,* Tex. Civ. Prac. & Rem.Code §§ 16.004, 16.007, 16.008, 16.010. This language is not given a different meaning in section 16.0045. Different parts of the Civil Practice & Remedies Code provide the limitations period for specific causes of action. *See, e.g., id.* § 16.004 ("A person must bring suit on the following actions not later than four years after the day the cause of action accrues: (1) specific performance of a contract for the conveyance of real properly; (2) penalty or damages on the penal clause of a bond to convey real property; (3) debt; (4) fraud; or (5) breach of fiduciary duty.").

Focusing on the second portion of subsection (a), the Diocese and Church defendants/appellees argue that the extension of the statute of limitations applies only to suits against the person or persons whose conduct violates the Penal Code. But section 16.0045(a) applies to a "suit for personal injury," which includes claims for negligence. There is no language restricting this particular limitations statute to certain types of personal-injury claims; hence, there is nothing in the statute to indicate that the legislature intended to limit this provision to causes of action against only the perpetrators of sexual assault. Part (c) of section 16.0045 permits a plaintiff to designate unknown persons as defendants in a civil suit based on childhood sexual abuse. *Id.* § 16.0045(c). Subsection (a) amends the default limitations provision provided in section 16.003 to extend the limitations period from two to five years. *Compare id.* § 16.0045(a) (expanding limitations period to five years for victims of various types of sexual assault), *with id.* § 16.003 ("Except as provided by Sections 16.010, 16.0031, and 16.0045, a person must bring suit for trespass for injury to the estate or to the property of another, conversion of personal property, taking or detaining the personal property of another, personal injury, forcible entry and detainer, and forcible detainer not later than two years after the day the cause of action accrues."). Taken together, the provisions of section 16.0045 unambiguously show a legislative intent to provide victims of sexual assault, aggravated sexual assault, and continuous sexual abuse of young children more time to seek damages for their injuries.

---

**3.** This third provision, referring to Section 21.02 of the Penal Code, was added by the Legislature subsequent to the filing of Stephanie M.'s suit. *See* Act of May 27, 1995, 74th Leg. R.S., ch. 739, § 1, 1995 Tex. Gen. Laws 3850, 3850 (amended 2007) (current version at Tex. Civ. Prac. & Rem.Code § 16.0045(a) (West.Supp.2009)). Because this change does not impact this case, for ease of reference we will refer to the current enactment of this statute.

The Diocese and Church defendants/appellees further argue that Stephanie M.'s negligence claims did not "arise from" an intentional tort, citing *Delaney v. University of Houston*, 835 S.W.2d 56 (Tex.1992). In *Delaney*, a University of Houston student was raped in her dormitory room. *Id.* at 57. She sued the University for, *inter alia*, its negligence in failing to repair a damaged dormitory door. *Id.* The Texas Supreme Court concluded that Delaney's claims did not "arise out of" the intentional tort committed by the rapist and therefore did not fall within the scope of section 101.057(2) of the Texas Tort Claims Act. *Id.* at 59–60. However, the *Delaney* Court reiterated its holding in *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 550 (Tex.1985), that intentional conduct intervening between a negligent act and the result does not always vitiate liability for the negligence. *Delaney*, 835 S.W.2d at 60. Indeed, the *Delaney* Court explained the language "arising out of" or "arising from" contemplates that a nexus must exist between the claim and the injury, which the court concluded did not exist in the *Delaney* case. *Id.* at 59.

■ Here Stephanie M.'s allegations of negligence are not independent from her claim of intentional conduct by Sullivan. Indeed, should Stephanie M. be unable to establish that Sullivan sexually assaulted her, she would likewise be unable to establish any negligence on the part of the Diocese and Church defendants/appellees. Further, Stephanie M. specifically alleged that the Diocese and Church defendants/appellees were negligent by (a) failing to have appropriate policies, procedures and standards in place to prevent priests from sexually abusing children; (b)

failing to properly supervise Sullivan; and (c) allowing Sullivan to have unsupervised access to Stephanie M. Although an intervening criminal action between a negligent act and a result generally abrogates third-party liability for negligence, it does not automatically vitiate the negligence cause of action, if the negligent actor should have realized that such a situation might be created, and that a third person might avail himself of the opportunity to commit such a crime. This is precisely the type of negligence claim asserted by Stephanie M. against the Diocese and Church defendants/appellees. *Tex. Youth Comm'n v. Ryan*, 889 S.W.2d 340, 343 (Tex.App.-Houston [14th Dist.] no pet.).

We conclude that Stephanie M.'s personal injury claims against the Diocese and Church defendants/appellees arise from the alleged intentional conduct of Sullivan. Because her personal injury claims arise from Sullivan's alleged sexual assault, we further conclude that the five-year statute of limitations provided by section 16.0045(a) of the Texas Civil Practice & Remedies Code operated to extend her time to file suit against the Diocese and Church defendants/appellees.

This conclusion is buttressed by persuasive authority from a Texas federal district court. In a 2006 unpublished memorandum and order, United States District Court Judge Lee Rosenthal made an *Erie* guess[4] as to how the Texas Supreme Court would analyze and interpret this particular statutory provision. *See Doe I v. Roman Catholic Diocese of Galveston–Houston*, No. H–05–1047 (S.D.Tex. Mar. 27, 2006) (order denying in part and granting in part defendant's motion to dismiss and granting plaintiffs' motions for leave

---

**4.** *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). When no state court has provided guidance, a federal court must attempt to predict state law, with-

out creating or modifying it. *See Assoc. Int'l Ins. Co. v. Blythe*, 286 F.3d 780, 783 (5th Cir.2002).

to amend and supplement). In this memorandum and order, Judge Rosenthal contemplated the plain meaning of the statutory language, compared the Texas statute to various other states' statutory provisions with a similar purpose—*i.e.*, extending the statute of limitations for civil cases involving sexual assault, and discussed the legislative history of the statute. *See id.* After a thorough review of these factors, Judge Rosenthal explained:

> This court concludes that if presented with the question, the Texas Supreme Court would join the majority of state courts considering similar statutes and hold that the limitations period of Section 16.0045 applies to claims against nonperpetrators of sexual abuse as well as to claims against alleged perpetrators. The plaintiffs claim that the Archdiocese Defendants negligently allowed [a seminarian training to become a priest] to commit the alleged abuse ... and to continue, even though they knew, or should have known, of his proclivities. Because the plaintiffs can take advantage of Section 16.0045, the Archdiocese Defendants' motion to dismiss these claims on the basis of statute of limitations is denied.

*Id.*[5] The rationale behind Judge Rosenthal's *Erie* guess is sound. More importantly, as explained above, the plain language of the statute supports her conclusion.[6]

For the foregoing reasons, we reverse the trial court's summary judgment in favor of the Church and Diocese defendants/appellees. We remand this cause to the trial court for proceedings consistent with this opinion.

---

**5.** Judge Rosenthal recently reaffirmed her conclusion that this five-year statute of limitations may apply in cases involving negligence. *See Doe v. Catholic Soc'y of Religious & Literary Educ.*, No. H–09–1059, 2010 WL 345926, at *16 (S.D.Tex. Jan. 22, 2010) (citing *Doe I* and stating that "five-year limitations period may apply to other claims as well, *particularly the direct liability claims that the defendants' negligence allowed the alleged abuse to occur*" (emphasis added)).

**6.** Because we conclude the plain language of the statute supports our conclusion, we do not engage in further analysis applying other statutory interpretation factors. We note, however-

er, that Judge Rosenthal's memorandum and order provides further support beyond the plain language of the statute for concluding that section 16.0045(a) may apply to claims against nonperpetrators as well as claims against perpetrators of sexual assault, including a thorough analysis of various courts' interpretations of similar limitations statutes in other states, comparison of the language of the Texas statute to the language of similar statutes of limitations in other states, and discussion of the legislative history behind the establishment of this statute. *See Doe I*, No. H–05–1047.