IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
February 5, 2015 Session

**STATE OF TENNESSEE v. JEROME MAURICE TEATS**

**Appeal by Permission from the Court of Criminal Appeals
Criminal Court for Davidson County
No. 2009D2955    Steve R. Dozier, Judge**

_____

**No. M2012-01232-SC-R11-CD – Filed July 14, 2015**

_____

HOLLY KIRBY, J., concurring.

I concur in Chief Justice Lee's well-written majority opinion in this case. Under the law as it currently stands in Tennessee, the majority has correctly analyzed the issue presented. I write separately to note the same concerns expressed by Justice Bivins in his separate concurrence in our recent decision State v. Alston, namely, concerns about the far-reaching constitutional holding in the case that gives rise to this issue, this Court's 1991 decision State v. Anthony, 817 S.W.2d 299 (Tenn. 1991). See State v. Alston, No. E2012-00431-SC-R11-CD, --- S.W.3d ---, 2015 WL 2155690, at *9-10 (Tenn. May 5, 2015)(Bivins, J., concurring) (citing Anthony, 817 S.W.2d at 299).

In Anthony, the Court held that double jeopardy analysis was "inadequate" to address dual convictions of kidnapping and other felonies that necessarily include some degree of detention or confinement of the victim. Anthony, 817 S.W.2d at 306. Turning instead to the due process clause of the Tennessee Constitution, the Anthony Court determined that, in Tennessee, due process requires more than sufficient evidence of the elements of the crime of kidnapping. To support a conviction for kidnapping under these circumstances, the Anthony Court decided, due process under Tennessee's Constitution mandates that the State also show that the "confinement, movement, or detention" was "significant enough, in and of itself, to warrant independent prosecution" for kidnapping. Id.

As meticulously outlined in State v. White, 362 S.W.3d 559 (Tenn. 2012), a tangle of cases ensued, as courts struggled to apply the holding in Anthony. White, 362 S.W.3d at 567-70. In an attempt at disentanglement, the White Court rejected the separate appellate due process analysis mandated in Anthony and adopted in its stead a procedure by which the jury must be instructed that, in order to convict the defendant of kidnapping,

it must find that the removal or confinement of the victim was greater than that necessary to commit the accompanying felony.

Although <u>White</u> made procedural modifications, the core holding in <u>Anthony</u> remains intact ─ for kidnapping alone, the due process clause of Tennessee's constitution requires the State to prove more than the statutory elements of the crime; it also requires the State to prove that the removal or confinement of the victim was to a greater degree than that necessary to commit the accompanying felony. Indeed, the holding in <u>Anthony</u> undergirds the issue presented in this case.

The majority in this case correctly holds that a <u>White</u>/<u>Anthony</u> jury instruction is not required when a defendant is charged with the kidnapping and robbery of different victims. This holding obviates the need to consider the concerns raised by Justice Bivins in his concurrence in <u>Alston</u>. Addressing those concerns, then, will have to wait until another day.

_____
HOLLY KIRBY, JUSTICE